583 So.2d 723 (1991)
SCG TRAVEL, INC., a New Jersey Corporation, Petitioner,
v.
WESTMINSTER FINANCIAL CORPORATION, a Delaware Corporation, Harry Schreiber, and Mark Izydore, Respondents.
No. 91-1144.
District Court of Appeal of Florida, Fourth District.
July 3, 1991.
Rehearing, Rehearing and Certification Denied August 6, 1991.
*724 Andrew J. McMahon, of Moyle, Flanigan, Katz, Fitzgerald & Sheehan, P.A., West Palm Beach, for petitioner.
William J. Barnes, of Gilbride, Heller & Brown, P.A., Miami, for respondents.
Rehearing, Rehearing En Banc and Certification Denied August 6, 1991.
FARMER, Judge.
Petitioner recovered default judgments against respondents in a New Jersey court for several million dollars. The defaults apparently resulted because respondents failed to appear at a pre-trial conference and failed to comply with a discovery order.[1] Petitioner then recorded the New Jersey judgments in Palm Beach county under section 55.503, Florida Statutes (1989), whereupon respondents filed actions in the circuit court here under section 55.509, Florida Statutes (1989), contesting the validity of the New Jersey judgments under the United States Constitution. These actions were accompanied by the notices of lis pendens required by section 55.509(1).
Respondents then moved to stay the enforcement of the New Jersey judgments in Florida, and any judgment liens resulting from the recordation here, without the security of bonds. They argued that section 55.509(1) entitled them to a stay without bond because they had furnished the notices of lis pendens. Petitioner in turn moved to require appropriate bonds as a condition of any stay. It contended that mere notices of lis pendens did not constitute compliance with section 48.23(3), Florida Statutes (1989), and subsection (2) of section 55.509 which, it argued, controlled the issue. After more than one hearing on the issues, the trial judge agreed with respondents and refused to require any bonds. Petitioner then timely filed this petition for a writ of certiorari.
As a preliminary matter, we must consider whether we have jurisdiction to review the kind of orders involved here. The parties disagree whether certiorari is proper. Of course it is a proper vehicle to review a denial of a motion to discharge a notice of lis pendens. Tortu v. Tortu, 430 So.2d 531 (Fla. 4th DCA 1983). And, we note, a judgment creditor could certainly get expedited review  by a simple motion  of a denial of a bond after the judgment debtor appealed the judgment to a Florida appellate court. Rule 9.310(f), Florida Rules of Appellate Procedure.
The central question to certiorari review is whether the judgment creditor can have effective review of the issue after a final judgment or order is entered in the proceeding and plenary review is taken. In this case, we do not see how the creditor could have meaningful review of an order denying a bond in a proceeding under section 55.509 if consideration had to await the final judgment. Under the statutory scheme here, the debtor gets a stay merely by filing the section 55.509 contest of the foreign judgment and notice of lis pendens but, without a bond, is free meanwhile to dispose of Florida assets.
At the same time, the judgment creditor is deprived of any security for the judgment debt while the validity contest proceeds. We can think of no possible resolution after a final appeal that would restore the creditor to the position he enjoyed when he recorded his foreign judgment. Indeed, by imposing a stay without any bond, yet refusing any review of the bond issue until after the validity contest has *725 labored to a final conclusion, we should thereby eviscerate the very reasons for recording the foreign judgment here in the first place. It thus seems to us that certiorari is indispensable in this situation.
Turning now to the real issue dividing the parties, we see it as one of statutory construction. Hence we first look at the text of the statute itself:
55.509 Stay of enforcement of foreign judgment. 
(1) If, within 30 days after the date the foreign judgment is recorded, the judgment debtor files an action contesting the jurisdiction of the court which entered the foreign judgment or the validity of the foreign judgment and records a lis pendens directed toward the foreign judgment, the court shall stay enforcement of the foreign judgment and the judgment lien upon the filing of the action by the judgment debtor.
(2) If the judgment debtor shows the circuit or county court any ground upon which enforcement of a judgment of any circuit or county court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.
As we see it, this case is concerned with the interplay of these two subsections.[2]
Section 55.509 was first adopted in 1984. See Chapter 84-5, Laws of Florida. It is an obvious adaptation of section 4 of the Uniform Enforcement of Foreign Judgments Act (1964), 13 U.L.A. 175. The uniform provision provides:
§ 4. Stay
(a) If the judgment debtor shows the [court] that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which rendered.
(b) If the judgment debtor shows the [court] any ground upon which enforcement of a judgment of any [court] of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.
We must decide what the differences between the Florida version and the uniform act tell us about the legislature's intent in adopting the changed version.
From a comparison of the uniform act and the Florida version, we think it is all but incontestable that our legislature intended to adopt the uniform act with slight variations in text but not in purpose. This is made manifest to us by section 55.502(3), Florida Statutes (1989), which says: "This act shall be interpreted and construed to effectuate its general purpose to make uniform the law with respect to the subject of the act among the states enacting it."
The enforcement of foreign judgments is not a matter of mere grace. It springs from the Full Faith and Credit Clause, Art. IV, section 1, U.S. Const., and its implementing statute, 28 U.S.C. section 1738, which require every state to give the same effect to judicial proceedings as the rendering state gives them. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885 (1942).
The purpose of the uniform act  and equally, we think, of the Florida version  is to provide a speedy and economical method of enforcing a foreign judgment without the further cost and harassment often incurred when an entirely new and separate action on the foreign judgment is required *726 for enforcement. See Eschenhagen v. Zika, 144 Ariz. 213, 696 P.2d 1362 (App. 1985). Under the Florida recordation scheme, the foreign judgment is recorded with the local land records. § 55.503(1), Fla. Stat. (1989). Without further provision, the judgment would then become an enforceable judgment lien on all real property of the judgment debtor located in the county. See § 55.10(1), Fla. Stat. (1989). Section 55.505(3), however, immediately stops the judgment creditor from initiating foreclosure of that judgment lien, when the debtor files the section 55.509 contest action.
But an unconditional stay might deprive the judgment creditor of rights of execution granted in the rendering state, a circumstance inconsistent with the Full Faith and Credit Clause as well as the purposes of the act. At the same time, it might be inequitable to subject a judgment debtor's property to levy of execution where an appeal with supersedeas is timely and properly pending in the rendering state, or where other legal or equitable grounds exist. Hence the legislature and drafters of the uniform act each included stay provisions.
The fact that the stay provision in the uniform act expressly deals with stays pending appeal, while section 55.509 fails to mention the subject, does not yield the conclusion that the Florida legislature intended as a routine matter to allow stays without bond when the foreign judgment is recorded here. Rather, we think that subsection (2) of section 55.509 is broad enough to deal with the "pending appeal" situation of section 4(a) of the uniform act, as well as the "other ground" for stay of section 4(b).
The words "any ground upon which enforcement of a judgment of any circuit or county court of this state would be stayed" in section 55.509(2) as we see it encompass supersedeas or stays pending review under rule 9.310, Florida Rules of Appellate Procedure, as well as any other recognized legal or equitable basis for suspending the effectiveness of a final judgment. In short, section 4(a) and (b) of the uniform act have been compressed by our legislature into section 55.509(2).
When so read, we have no trouble in concluding that appropriate bonds should have been required in this case. This is especially true where the judgment debtor, as here, (although having properly appealed the final judgments) has been unable to procure an unbonded stay of the final judgment in the rendering state. Allowing a stay in Florida without supersedeas gives the judgment debtor, in effect, more rights here under the final judgment than the rendering state gives him there. Correspondingly, it gives the judgment creditor less. We are unable to square that result with the constitutional command of full faith and credit, or with the statutory purpose of speedy and economical enforcement.
We therefore reverse the trial judge's denial of a bond as a condition of the section 55.509 stay and remand this cause to him for the entry of orders requiring bonds in the appropriate amounts.
REVERSED AND REMANDED WITH DIRECTIONS.
GUNTHER and GARRETT, JJ., concur.
NOTES
[1] Respondents have apparently perfected appeals in New Jersey from the default judgments, but they have not been successful in having the New Jersey court stay execution, at least without posting a bond, on those judgments.
[2] As will become apparent, we do not see section 48.23(3), Florida Statutes (1989), as the controlling statute here. Instead we conclude that the specific provisions of section 55.509 control the bond issue, as well as the duration of the stay. Consequently, we leave to other minds whether a notice of lis pendens "directed toward the foreign judgment" is actually one "founded on a duly recorded instrument".