611 So.2d 98 (1992)
EXPEDIA, INC., a Florida corporation, Appellant,
v.
McKENNEY'S, INC., a Georgia corporation, Appellee.
No. 91-2727.
District Court of Appeal of Florida, First District.
December 31, 1992.
Kelly B. Mathis of Baumer, Bradford & Walters, P.A., Jacksonville, for appellant.
Robert L. Cowles and Stephen A. Faustini, Jacksonville, for appellee.
PER CURIAM.
Appellant/plaintiff, Expedia, Inc. (Expedia), challenges the trial court's order dismissing its complaint. For the reasons set out below, we affirm.
Appellee/defendant, McKenney's, Inc. (McKenney's), obtained a judgment against Expedia in Georgia which, in accordance with the Florida Enforcement of Foreign Judgments Act (§§ 55.501-.509, Fla. Stat.), it subsequently caused to be filed and recorded in Duval County. Within 30 days of recordation, Expedia filed an action in circuit court for Duval County contesting the validity of McKenney's foreign judgment, along with a notice of lis pendens directed at the foreign judgment. The action, which was brought pursuant to section 55.509(1), Florida Statutes (1991), effectively stayed the enforcement of McKenney's foreign judgment. McKenney's denied the material allegations of Expedia's complaint, and filed a motion to require that Expedia post a bond to secure the foreign judgment. After a hearing on McKenney's motion, "and after considering section 55.509(2), Florida Statutes," the trial court ordered Expedia to post a security bond within ten days. Failure to file the bond would result in the dismissal of Expedia's action. Twenty *99 days later, when Expedia still had not filed the security bond, the trial court dissolved the notice of lis pendens and dismissed Expedia's complaint. This appeal followed.
On appeal, the parties' arguments confirm that the issue involves the proper interpretation of section 55.509 and, specifically, whether and to what extent the two subsections of the statute are interrelated. Thus, Expedia argues that it was entitled to a stay of enforcement upon filing its action under section 55.509(1), which stay was mandatory and without the condition that the judgment debtor post a security bond. Expedia concedes that section 55.509 may require security for stays of enforcement described in subsection (2), but it maintains that no such requirement applies to stays obtainable under subsection (1), which is the only subsection relevant to the instant case. McKenney's counters that the stay provided in subsection (2), which is available for "any ground upon which enforcement of a judgment ... of this state would be stayed," encompasses the stay of enforcement provision found in subsection (1); hence, the security requirement in subsection (2) applies with equal force to stays obtainable under subsection (1). In support of its position, McKenney's cites SCG Travel, Inc. v. Westminster Financial Corp., 583 So.2d 723 (Fla. 4th DCA 1991), which case Expedia attempts to distinguish.
The statute which we are called upon to interpret, provides as follows:
55.509 Stay of enforcement of foreign judgment. 
(1) If, within 30 days after the date the foreign judgment is recorded, the judgment debtor files an action contesting the jurisdiction of the court which entered the foreign judgment or the validity of the foreign judgment and records a lis pendens directed toward the foreign judgment, the court shall stay enforcement of the foreign judgment and the judgment lien upon the filing of the action by the judgment debtor.
(2) If the judgment debtor shows the circuit or county court any ground upon which enforcement of a judgment of any circuit or county court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.
§ 55.509, Fla. Stat. (1991). This provision is part of the Florida Enforcement of Foreign Judgments Act, which itself constitutes Florida's adaptation of the Uniform Enforcement of Foreign Judgments Act (1964), 13 U.L.A. 152. Unfortunately, because subsection (1) of the provision is unique to the Florida Act, no insight can be gleaned from the Act's directive that its provisions be interpreted in accordance with the Uniform Act. See § 55.502(3), Fla. Stat. (1991).
We find persuasive, however, the Fourth District's treatment of this issue in SCG Travel, supra. There the judgment creditor had obtained default judgments in New Jersey which it subsequently caused to be recorded in Palm Beach county. Although the judgment debtor perfected an appeal in New Jersey, it was unable to obtain a stay from the New Jersey court. Resorting to section 55.509(1), the judgment debtor filed an action in Palm Beach county contesting the validity of the judgments. Thereafter, the parties took positions identical to those espoused in the instant case  the judgment debtor seeking a stay without bond based upon section 55.509(1), and the judgment creditor responding that subsection (2) of the statute required security. The trial court ruled in favor of the judgment debtor, refusing to require security for the stay. The Fourth District reversed, holding that the security requirement of subsection (2) was applicable because the language of the subsection was broad enough to include "any ... legal or equitable basis for suspending the effectiveness of a final judgment." SCG Travel, 583 So.2d at 726.
Expedia argues that the presence of the foreign forum appeal in SCG Travel distinguishes that case from the instant situation. Thus, Expedia claims that security was required in SCG Travel, not because a validity challenge had been filed under subsection *100 (1), but because an appeal in the foreign forum invoked the security requirement of subsection (2). We reject this interpretation of the decision. Had the judgment debtor been entitled to a stay without security upon filing its validity challenge, it would not have mattered  at least for the duration of the validity challenge  that the debtor could otherwise obtain a stay with security due to his foreign forum appeal. If a stay without security could be had under subsection (1), there would have been no need for the Fourth District to mention subsection (2). We agree with the Fourth District that no such stay is provided under subsection (1), that the instant case, like SCG Travel, "concern[s] ... the interplay of these two subsections," 583 So.2d at 725, and that a feature of this interplay includes the furnishing of security as described in subsection (2) for stays of enforcement obtainable upon the filing of a validity challenge under subsection (1).
Hence, we agree with the trial court that security was required, and the court did not err in ordering Expedia to post a bond. Neither did the trial court abuse its discretion in dismissing Expedia's complaint pursuant to Florida Rule of Civil Procedure 1.420(b) when Expedia failed to furnish the required security.
Accordingly, the trial court's order is AFFIRMED.
ERVIN, MINER and WEBSTER, JJ., concur.