PER CURIAM.
Appellants Gerald Walters and his.wife, Andrea Walters, appeal the order of the circuit court denying their petition for stay of enforcement of a foreign judgment. We reverse and remand.
On June 10, 1992, appellant Gerald M. Walters was notified that a foreign judgment against him and in favor of creditor Federated Bank, S.S.B. of Wauwatosa, Wisconsin, had been recorded in Alachua County. On July 10, 1992, appellants filed a facsimile (fax) of a complaint to stay enforcement of the final judgment in favor of Federated Bank. The “faxed” complaint was stamped “filed” that same day by the clerk of the court. Appellants also filed on July 10,1992, a notice of lis pendens directed to Federated Bank. On July 13, 1992, the original “hard copy” of appellants’ complaint was filed with the clerk of the circuit court. Appellants’ complaint to stay enforcement was assigned Case No. 92-2491-CA.
Appellants’ complaint alleged that: (1) monies have been paid in “partial satisfaction” of the judgment and the judgment therefore “ought not to be enforced as recorded”; (2) defendant materially mislead appellants to believe the judgment would not be enforced, that appellants in reliance changed their position, and that defendant should be estopped from enforcing the judgment; (3) enforcement is sought by a third party purchaser of the judgment for purposes of harassment and in equity should not be enforced.
On July 14,1992, appellee Aquatic Sensors filed a petition to enforce judgment and requesting issuance of a writ of execution. Ap-pellee claimed to be an assignee of Federated Bank, S.S.B., and attached a copy of the assignment of rights in the final judgment. Appellee’s petition was assigned Case No. 92-2489-CA.
On July 14, 1992, the trial court issued an order enforcing the foreign final judgment and directing the clerk to issue a writ of execution. The writ of execution was issued on July 15, 1992. As for appellants’ complaint to stay enforcement of the final judgment, the trial court denied the complaint summarily, and without a hearing, by order *476 dated July 14, 1992, on the ground that the complaint “fails to allege that the Court issuing the Judgment was without jurisdiction or that the Judgment was not valid.” Appellants’ motion for rehearing was likewise summarily denied. Appellants assert, and appel-lee agrees, that levy was had on appellants’ personal property.
On appeal, appellants argue that entry of an order enforcing the foreign judgment, without hearing, constituted a denial of due process of law. Appellants also argue that appellee’s procurement of the order enforcing the foreign judgment was obtained by fraud in that appellee wrongly asserted that appellants had filed no objection to enforcement and thirty days had passed since mailing of notice to appellants. We reject the latter argument without further comment. Appellee argues that appellants were not denied due process of law because the factual allegations of the complaint to stay enforcement do not challenge either the jurisdiction of the court entering the foreign judgment or the validity of the foreign judgment, as required by Section 55.509, Florida Statutes. Appellee further argues that appellants’ complaint was not timely filed because a complaint may not be filed by “fax” machine. In the alternative, appellee argues that if appellants should prevail in this appeal they should be required to post a surety bond as a condition to either the return of their property or stay of any further efforts by appellee to recover on the judgment.
It is without question that appellants’ complaint seeking a stay of the enforcement of foreign judgment failed to challenge the jurisdiction of the foreign court or the validity of the foreign judgment. For this reason, the trial court properly found that the complaint “fails to allege that the Court issuing the Judgment was without jurisdiction or that the Judgment was not valid.” This explanation would be wholly sufficient but for the fact that it views Section 55.509(1), Florida Statutes, in isolation. Section 55.509(1) provides that a complainant may seek a stay of enforcement of a final judgment by challenging the jurisdiction of the rendering court or the validity of the final judgment. Section 55.509(2), however, provides:
(2) If the judgment debtor shows the circuit or county court any ground upon which enforcement of a judgment of any circuit or county court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state. (Emphasis added).
The above provision should also be read in pari materia with Section 55.503(1), Florida Statutes, which states in pertinent part:
A [foreign] judgment so recorded shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state.
The most significant factual allegation stated in appellants’ complaint is the allegation that “monies have been paid in partial satisfaction of the judgment.” In construing the analogous provisions found in the Uniform Enforcement of Foreign Judgments Act, adopted in many states, it has been stated that:
After a foreign judgment has been duly filed, the grounds for reopening or vacating it are limited to lack of personal or subject matter jurisdiction of the rendering court, fraud in the procurement (extrinsic), satisfaction, lack of due process, or other grounds that make a judgment invalid or unenforceable. (Emphasis added).
Matson v. Matson, 333 N.W.2d 862, 867 (Minn.1983). One court, after rejecting the complainant’s challenge to the validity of a foreign judgment on due process grounds went on to find it within the inherent power of the court to amend the final judgment to reflect a partial satisfaction admitted by the creditor. Noetzel v. Glasgow, Inc., 338 Pa.Super. 458, 487 A.2d 1372 (1984), cert. denied, 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986). Indeed, one Florida district court has found the stay provision of Section 55.509(2), Florida Statutes, broad enough to include “any ... legal or equitable basis for suspending the effectiveness of a final judgment.” SCG Travel, Inc. v. Westminster Financial Corp., 583 So.2d 723 (Fla. *477 4th DCA 1991) (requiring supersedeas bond for actions pursuant to Section 55.509(1) as well as Section 55.509(2)); see also Expedia, Inc. v. McKenney’s, Inc., 611 So.2d 98 (Fla. 1st DCA 1992).
In failing to take into account Section 55.-509(2), Florida Statutes, and Section 55.-503(1), Florida Statutes, the trial court did not consider the possible equitable bases by which appellants may have prevailed in arguing that enforcement of the foreign judgment should have been stayed. Consideration of such equitable bases would usually require a hearing. Therefore, in ruling on appellants’ complaint without providing the opportunity for a hearing, the trial court deprived appellants of due process of law.
We decline to address appellee’s argument that appellants’ complaint was not timely filed because a complaint may not be filed by “fax” machine. This issue was not raised at the trial level because no hearing was granted and no responsive pleading was required. As we now direct the trial court to hold a hearing on appellants’ complaint to stay enforcement, appellee may now raise this issue by way of a responsive pleading.
We agree with appellee that our disposition requires that the interests of the judgment creditor should be protected by supersedeas bond. See SCG Travel, Inc. v. Westminster Financial Corp., 583 So.2d 723 (Fla. 4th DCA 1991). We leave to the discretion of the trial judge the question whether the foreign judgment should be secured by appellants’ possessions already seized, or some other form of valuable consideration, or any combination thereof. If appellants are unable to post security equal to the full amount of the judgment, this will not preclude the trial court from conducting the hearing which we have ordered, nor deprive appellants of the right to appeal the trial court’s ultimate determination on remand.
REVERSED and REMANDED for further consistent proceedings.
ZEHMER, C.J., and MINER and WOLF, JJ., concur.