706 So.2d 364 (1998)
Cornelius JACKSON, Petitioner,
v.
Sandra V. ALEXANDER, Respondent.
No. 96-4194.
District Court of Appeal of Florida, First District.
January 30, 1998.
Robert W. Murphy, Fort Lauderdale, for Petitioner.
Sandra V. Alexander, Pro Se.
PER CURIAM.
This cause is before us on certiorari review of the trial court's order denying Petitioner's "Motion to Quash [Respondent's] Foreign Judgment." The trial court ruled that Petitioner's motion was premature because he had not yet posted bond in accord with section 55.509, Florida Statutes.
The trial court did not depart from the essential requirements of law in denying Petitioner's motion. See Adelman Steel Corp. v. Winter, 610 So.2d 494, 496 (Fla. 1st DCA 1992). Section 55.509, Florida Statutes, provides
Stay of enforcement of foreign judgment.
(1) If, within 30 days after the date the foreign judgment is recorded, the judgment debtor files an action contesting the jurisdiction of the court which entered the foreign judgment or the validity of the foreign judgment and records a lis pendens directed toward the foreign judgment, the court shall stay enforcement of the foreign judgment and the judgment *365 lien upon the filing of the action by the judgment debtor.
(2) If the judgment debtor shows ... any ground upon which enforcement of a judgment of any ... court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.
Section 55.505(3), Florida Statutes, provides that "[w]hen an action authorized in s. 55.509(1) is filed, it acts as an automatic stay...." Subsection (3), therefore, "immediately stops the judgment creditor from initiating foreclosure of judgment lien, when the debtor files a section 55.509 contest action." SCG Travel, Inc. v. Westminster Fin. Corp., 583 So.2d 723, 726 (Fla. 4th DCA 1991); see Dollar Sav. and Trust Co. v. Soltesiz, 636 So.2d 63, 65 (Fla. 2d DCA 1994) ("We conclude that the `automatic stay ...' provided in both sections 55.505(3) and 55.507 is a further stay (or extension) of the thirty-day hiatus for enforcement until the culmination of the 55.509 action."). This court held that a stay granted under either section 55.509(1) or subsection (2) requires a bond. Expedia, Inc. v. McKenney's, Inc., 611 So.2d 98, 100 (Fla. 1st DCA 1992) (this court stating that "the instant case, like SCG Travel, `concern[s]... the interplay of [sections 55.509(1) and (2) ]' 583 So.2d at 725, and that a feature of this interplay includes the furnishing of security as described in subsection (2) for stays of enforcement obtainable upon the filing of a validity challenge under subsection (1).").
Here, Petitioner responded to Respondent's foreign judgment recordation by filing an "action" within 30 days "pursuant to § 55.509," claiming that the judgment was invalid, and by simultaneously filing a lis pendens. Petitioner's filing of the action under section 55.509 would have automatically stayed Respondent's attempt to foreclose, but for Petitioner's failure to post bond. Because Petitioner failed to post bond, his section 55.509 action is ineffective and subject to dismissal. Petition for writ of certiorari is hereby DENIED.
BOOTH, JOANOS and WOLF, JJ., concur.