940 So.2d 1230 (2006)
Alan C. HAIGH, Appellant,
v.
PLANNING BOARD OF The TOWN OF MEDFIELD, Appellee.
No. 5D05-2809.
District Court of Appeal of Florida, Fifth District.
November 3, 2006.
*1231 Michael Massey, of Saju, Massey & Duffy, LLC, Ocala, for Appellant.
Amanda R. Tise, Jacksonville, for Appellee.
PLEUS, C.J.
Haigh appeals a "Final Judgment Establishing Foreign Final Judgment" in favor of the Planning Board of the Town of Medfield ("Planning Board"). Haigh argues that the lower court denied him due process by entering this final judgment without giving him an opportunity to be heard. He also argues that the statute of limitations bars this action upon foreign final judgment. We reverse and remand.
In 2004, the Planning Board filed a "Complaint for Damages" against Haigh in Marion County. The complaint alleged that the Planning Board had obtained a final judgment against Haigh in 1993 in Massachusetts. The Planning Board sought entry of a Florida final judgment. Haigh filed an answer and eight affirmative defenses, including the statute of limitations, lack of standing, partial payment and accord and satisfaction.
In 2005, the Planning Board filed a "Motion to Amend Complaint" with an attached "Affidavit of Foreign Judgment." In its motion to amend, the Planning *1232 Board acknowledged that under the Florida Enforcement of Foreign Judgments Act ("FEFJA"), sections 55.501-509, Florida Statutes, it "should have filed this cause of action as an Affidavit for domestication of foreign judgment." The motion also addressed Haigh's statute of limitations defense, noting that the five year limitations period in section 95.11(2)(a), Florida Statutes, "applies only to independent actions on a judgment and not to the recording of a foreign judgment and proceedings to enforce that judgment under FEFJA," citing Michael v. Valley Trucking Co., 832 So.2d 213, 216 (Fla. 4th DCA 2002).
Based on these allegations, the Planning Board requested leave to amend the complaint and to allow its attached affidavit of the foreign judgment to be deemed filed. The lower court granted the Planning Board's motion to amend, deeming the affidavit filed and ordering Haigh to respond within 30 days. In response, Haigh filed another answer and alleged the same eight affirmative defenses.
The clerk of court sent Haigh a "Notice of Recording Foreign Judgment," presumably pursuant to section 55.505(2), Florida Statutes (2005). Haigh then filed a motion for summary judgment, which alleged that the action was barred by the five year statute of limitations in section 95.11(2)(a), Florida Statutes. The Planning Board filed a response to the motion for summary judgment alleging that the five year statute of limitations only applied to an independent action on a foreign judgment, not to "the recording of a foreign judgment and proceedings to enforce that judgment" under Chapter 55.
The Planning Board also filed a "Motion for Order Establishing Foreign Final Judgment and Entry of Florida Judgment." The motion alleged that the Planning Board was "entitled to a Final Judgment of Florida Court establishing and recognizing the Foreign Final Judgment."
Without holding a hearing on the Planning Board's motion or Haigh's motion for summary judgment, the lower court entered a "Final Judgment Establishing Foreign Judgment." This final judgment stated the Massachusetts judgment was "hereby recognized by the State of Florida and established as a Judgment in the State of Florida." It directed the clerk of court to issue a writ of execution.
On appeal, Haigh argues that the trial court, in entering final judgment without an evidentiary hearing or trial, violated his due process rights. He relies primarily on Walters v. Aquatic Sensors Corp., 633 So.2d 475 (Fla. 1st DCA 1994). In that case, the clerk of court notified the judgment debtor that the judgment creditor had recorded a foreign judgment. The debtor timely filed a complaint to stay enforcement of the judgment and notice of lis pendens. The debtor's complaint alleged partial satisfaction as a basis for staying enforcement. Shortly thereafter, the trial court summarily denied the complaint and granted the creditor's petition to enforce judgment and issue of a writ of execution.
The appellate court reversed, finding that the entry of the enforcement order without a hearing denied the debtor due process of law. The Walters court noted that the FEFJA allows a judgment debtor to raise "any ground upon which enforcement of a judgment . . . would be stayed," the consideration of which would normally require a hearing. Id. at 476.
The Planning Board argues that Walters is distinguishable because the debtors in that case followed the statutory procedure of filing a complaint to stay enforcement, but in this case, Haigh failed to follow the statutory procedure by filing an action. Instead, the Planning Board points to Cutler *1233 v. Harrison, 792 So.2d 574 (Fla. 3d DCA 2001) for support. In that case, the judgment creditor filed suit seeking to domesticate a foreign judgment. The judgment debtor opposed relief on procedural and substantive grounds, but the court ordered that the judgment be domesticated. The debtor did not appeal that order. Two years later, the debtor filed an action for declaratory relief, raising the same grounds raised in the prior litigation. The trial court dismissed the debtor's action on the ground of res judicata. The Cutler court affirmed, finding that although the original suit was not necessary, it had proceeded forward and was not appealed. Thus, res judicata barred a second suit on the same issues. In the instant case, however, Haigh has appealed his unsuccessful effort to challenge the final order domesticating the foreign judgment. As there has only been one suit regarding enforcement, res judicata does not bar his objections. Thus, Cutler is inapposite.
The FEFJA does not require a suit to be filed by the judgment creditor. On the contrary, the judgment creditor must simply record the foreign judgment in the clerk's office, at which point the clerk sends notice of the recording to the judgment debtor. §§ 55.503(1), .505(2), Fla. Stat. (2005). Then, the judgment debtor may file suit contesting enforcement. § 55.509(1), Fla. Stat. (2005).
Although Haigh did not follow the statutory procedure in the instant case, the Planning Board should not be heard to complain. It invited Haigh's error by not following the correct procedure in the first place. First, the Planning Board filed a common law action upon a foreign judgment outside the applicable statute of limitations. When it recognized its error, it should have dismissed its lawsuit and proceeded under the FEFJA. Instead, it moved to amend its complaint. The lower court granted the Planning Board's motion and ordered Haigh to respond. Haigh understandably responded by filing another answer and affirmative defenses.
While Haigh's filing of an answer and affirmative defenses was not the same as filing an action contesting domestication pursuant to the FEFJA, its intent was the same. It placed the Planning Board and the lower court on notice that Haigh intended to challenge enforcement of the foreign judgment.
The Planning Board then reverted to its original, incorrect position by filing a motion alleging that it was "entitled to a Final Judgment of Florida Court establishing and recognizing the Foreign Final Judgment." The trial court erred by entering a final judgment without addressing the defenses raised by Haigh. Thus, Haigh was denied a fair opportunity to be heard on these defenses, similar to the debtor in Walters.
Haigh also argues that the Planning Board's suit was an action on a foreign judgment and therefore was barred by the five year statute of limitations in section 95.11(2)(a), Florida Statutes (2005). The Planning Board argues that section 95.11(2)(a) does not apply because its action was only a proceeding to enforce its judgment under the FEFJA.
Actions on foreign judgments are subject to the five year statute of limitation in section 95.11(2)(a). Caiazza v. Tuff Realty Corp., 805 So.2d 29, 31 (Fla. 5th DCA 2001). However, simply recording a foreign judgment or proceeding to enforce a foreign judgment under the FEFJA is not subject to section 95.11(2)(a). Michael v. Valley Trucking Co., 832 So.2d 213, 216 (Fla. 4th DCA 2002).
Therefore, the determinative issue is whether the Planning Board's suit was a common law action on a foreign judgment *1234 or simply a proceeding to record and enforce a foreign judgment under the FEFJA. In Michael, the Fourth District Court of Appeal drew a distinction between an "action upon a judgment" on one hand and registration of or proceedings to enforce a judgment on the other hand. It noted that while both of these types of proceedings relate to enforcement, they have different consequences.
Specifically, registration of and proceedings to enforce a foreign judgment are derivative of the original judgment and are therefore subject to the limitations period in the jurisdiction where the judgment was originally rendered. They are not subject to the five year limitations period in section 95.11(2)(a). At the same time, recording or enforcing a foreign judgment pursuant to the FEFJA cannot extend the original limitations period from the foreign jurisdiction.
In contrast, the effect of an "action upon a judgment" is to extend the statute of limitations on the prior judgment. Thus, once a creditor holding a foreign judgment successfully obtains a new Florida judgment, the creditor obtains a new 20 year limitations period under section 95.11(1) to enforce that judgment. The original limitations period in the foreign jurisdiction no longer applies. The only limitation is that the action upon the foreign judgment must be brought in Florida within five years of the date the foreign judgment was rendered.
In the instant case, the Planning Board filed an action upon a foreign judgment. Haigh filed an answer and affirmative defenses, including the five year limitation period in section 95.11(2)(a).
Then, the Planning Board filed a motion to amend, alleging that it "should have filed this cause of action as an Affidavit for domestication of foreign judgment" under the FEFJA. Instead of dismissing the complaint and allowing the Planning Board to continue under the FEFJA, however, the lower court granted "leave to amend the complaint" and ordered Haigh to respond.
The FEFJA contemplates an action by the debtor after receiving notice that the foreign judgment has been recorded. Haigh did not file a separate action. Instead, he simply filed another answer and affirmative defenses, presumably in response to the court's order.
The Planning Board's "Motion for Order Establishing Foreign Final Judgment and Entry of Florida Judgment" alleged that the Planning Board was "entitled to a Final Judgment of Florida Court." In effect, the Planning Board was attempting to reassert its original common law action upon a foreign judgment outside the five year limitations period.
It is not clear from the order being appealed whether the order is a Florida final judgment or a final order enforcing a foreign final judgment. In either case, the court erred. If it is a Florida final judgment, the court erred because the action was barred by the five year limitations period in section 95.11(2)(a). If it was simply an order enforcing the foreign final judgment, the court erred in entering it without giving Haigh an opportunity to be heard.
Based on the errors discussed above, we vacate the final judgment and remand with directions to dismiss the Planning Board's suit based on the statute of limitations. Then, if the Planning Board wishes, it may proceed to record and enforce its judgment pursuant to the procedures set forth in the FEFJA.
GRIFFIN and ORFINGER, JJ., concur.