PER CURIAM.
David Alan Gorny [“Gorny”] appeals two non-final orders in the proceeding below by which Renee L. St. Leger [“St. Leger”] is attempting to collect almost $200,000 in unpaid child support. In one, the trial court determined that service of process on Gorny had been effectuated, and set the case for a hearing on St. Leger’s amended petition for domestication and enforcement of a foreign judgment. In the second, a composite order, the trial court denied St. Leger’s motion for judicial default, and also denied Gor-ny’s motion to strike St. Leger’s motion for contempt, his motion for protective order, and his motion to dismiss St. Leger’s amended petition for domestication and enforcement. We find merit only in Gor-ney’s claim that service of process was not established.
St. Leger filed a petition for domestication and enforcement of a foreign judgment from Tennessee in 2007. The Sheriff attempted service of process on Gorny at 144 Deerpath Road, DeBary, FL 32713, on September 11, 2007, but, according to the return of non-service, after diligent search and inquiry, he was unable to find Gorny in Volusia County, Florida. According to the resident at the address where service was attempted, Gorny lived in the Cayman Islands at the time.
*239 Thereafter, on May 28, 2008, St. Leger filed an amended petition for domestication and enforcement of the foreign judgment, as well as a motion for contempt for Gorny’s alleged failure to pay child support. She filed a notice of filing “ORIGINAL AFFIDAVIT OF SERVICE OF ALIAS SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL, SERVED UPON SUBSTITUTE FOR RESPONDENT ON JUNE 7, 2008.” The affidavit indicates that substitute service of process was made on Gorny through his son at 144 Deerpath Road, DeBary, FL 82718, on June 7, 2008.
Through an untitled pro se pleading, which was sent via certified mail to the Clerk of Court, Gorny objected to the substitute service, asserting:
IN REFERENCE TO THE SUMMONS SERVED UPON MY FORMER ADDRESS OF 144 DEERPATH ROAD, DEBARY, FL. 32713. THIS IS NOT MY LEGAL ADDRESS AND THE TENANTS THAT RESIDE THERE NOTIFIED ME THAT THIS SUMMONS WAS SERVED THERE ON JUNE 7, 2008.
ATTACHED YOU WILL FIND MY WORK PERMIT GRANT FOR WORKING AND LIVING IN GRAND CAYMAN, CAYMAN ISLANDS. I HAVE BEEN A RESIDENT OF THE CAYMAN ISLANDS SINCE MAY, 2007 AND MY WIFE HAS BEEN A RESIDENT HERE SINCE FEBRUARY 2008. MY HOME AT 144 DEERPATH ROAD IS RENTED AND SERVICE SHOULD NOT BE ACCEPTED THERE.
THE PETITIONER RENEE L. ST LEGER IS WELL AWARE OF [sic] THAT I NO LONGER LIVE AT THE FLORIDA ADDRESS AND I HAVE BEEN OUT OF THE COUNTRY. I WILL BE HAPPY TO ADDRESS THIS SITUATION WITH THE PETITIONER ONCE I RETURN TO THE UNITED STATES.
The trial court treated Gorny’s objection as a motion to quash service and directed that a hearing on the motion be held.
It appears that, as a result of a hearing held on August 16, 2010, counsel for St. Leger sent Gorny copies of the documents that had been filed in the case, including but not limited to the summons and alias summons, through certified mail with return receipt requested to 144 Deerpath Road, DeBary, FL 32713 and P.O. Box 30751 SMB Grand Cayman, Cayman Islands, KYI-1204.
On September 2, 2010, the trial court entered an order setting the case for trial. Thereafter, on November 3, 2010, the trial court entered a final judgment of domestication and enforcement. In the final judgment, the trial court provided that Gorny “failed to appear” and found that Gorny “was provided with proper notice of the trial on this matter at both of his mailing addresses in Florida and the Cayman Islands.” It provided that Gorny was in arrears on child support in the amount of $138,005.00, and that the interest on the arrearage totaled $45,451.30.
Gorny filed a motion for reconsideration, for rehearing, to vacate final judgment, and to dismiss. He asserted that the purported substitute service of the amended petition was invalid because the substitute service was made at an address at which he was not then residing, and that the scheduled hearing for his pleading that the trial court treated as a motion to quash service was never held.
On March 3, 2011, the trial court entered an order on Gorny’s motion for reconsideration, for rehearing, to vacate final judgment, and to dismiss the amended petition. In the order, the trial court found *240 that venue was not proper, granted the motion to vacate final judgment and the motion to quash service, and denied the motion to dismiss the amended petition.
It appears that, on May 3, 2011, counsel for St. Leger sent a copy of all pleadings in the case to counsel for Gorny, explaining in a cover letter:
Enclosed herewith please find a copy of all pleadings filed by my office in the above entitled matter. In accordance with Fla. R. Civ. P. 1.080(b) and Fla. Fam. L.R.P. 12.080(a)(1), this perfects service of process upon your client, and a timely response is expected.
Subsequently, on June 15, 2011, the trial court entered a case management order, finding:
1. Former Wife filed an Amended Petition for Domestication and Enforcement of Final Judgment of Dissolution of Marriage on May 13, 2008.
2. To date, service of said Petition has not yet occurred.
3. Counsel for Former Wife has indicated that she has registered a foreign judgment pursuant to Florida Statutes § 55.501- § 55.509.
4. The Court finds that certain requirements for proper registration of a foreign judgment in accordance with the above referenced statutes have not yet been met.
It ordered:
To aid in the disposition of this cause pursuant to Florida Rule of Civil Procedure 1.200, the Court ORDERS the following herein:
1.Pursuant to Florida Statutes § 55.505(2), counsel for Former Wife must send a Notice of Recording of Foreign Judgment via registered mail with return receipt requested to Former Husband at the address given in the Affidavit setting forth the name, address, and social security number of judgment creditor and debtor and shall record proof of mailing with the Clerk, within sixty (60) days.
On August 12, 2011, St. Leger filed a certificate of service of pleadings with an attached domestic return receipt, certifying that a true and correct copy of the certificate of service of pleadings and the attached domestic return receipt had been furnished to counsel for Gorny. Included among the pleadings that were certified to have been “served by Certified mail, Return Receipt” upon Gorny were the petition for domestication and enforcement, the summons, the notice of recording foreign judgment, the amended petition for domestication and enforcement, and the alias summons. The attached domestic return receipt indicates that Gorny received an article at 144 Deerpath Road, DeBary, FL 32713 on August 3. ' The signed domestic return receipt bears a date stamp of August 3, 2010, but a track and confirm print-out lists a delivery date of August 3, 2011.
On October 25, 2011, St. Leger filed a motion for judicial default, asserting:
1. The Amended Petition for Domestication and Enforcement was served upon Husband by Certified Mail, per the Court’s instruction, on August 3, 2011.
2. As of this date, no Answer to the Amended Petition for Domestication and Enforcement has been served, nor has Former Husband made any request for an extension.
3. The twenty (20) days permitted for filing an Answer has passed.
On October 26, 2011, the trial court entered an order on the second case management conference held on October 25, 2011. In the order, the trial court explained that counsel for St. Leger, as well as counsel for Gorny, were present, that service had *241 been effectuated, and that a final hearing would be held on November 28, 2011.
On November 7, 2011, Gorny filed a motion for relief from the order on the second case management conference, and an objection to entry of judicial default. He asserted in part:
1. On October 25, 2011, counsel for the parties attended a Second Case Management Conference with [sic] resulted in this Court’s Order, a copy of which is attached at “Exhibit A.”
2. In 2007, Former Wife registered a foreign judgment previously entered in Tennessee.
3. The Former Husband does not dispute the propriety of the registration which was properly mailed to his home address.
4. Thereafter, the Former Wife filed a Petition for Domestication which requires personal service. An Amended Petition for Domestication was also filed, however, said Amended Petition was similarly not properly served on Former Husband.
5. A significant issue of contention was specifically addressed at both the First and the Second Case Management Conferences, to wit: that the Former Husband was never personally served with the Petition for Domestication or the Amended Petition for Domestication.
6. Former Wife also filed a Motion for Contempt which is currently pending.
7. Specifically, Paragraph 1 of the Court’s Order states:
“Court determines that service has been effectuated.”
8. Paragraph 2 provides:
“The Court will set this case for hearing on enforcement. Two hours to be set aside.”
9. The undersigned asserts that the Court intended to state that “registration ” has been effectuated, and that inclusion of the word “service,” was a clerical mistake.
10. Immediately following entry of this Court’s order, the Former Wife filed a Motion for Judicial Default stating that the Former Husband failed to timely respond to the Petition for Domestication “which was served wpon Husband by certified mail, per the Court’s instruction, on August 3, 2011.
11. While the Former Wife can certainly proceed with enforcement proceedings via the properly registered foreign judgment, she cannot proceed under her Petition, or Amended Petition, for Domestication, as neither have been properly served.
12. Former Husband is under no obligation to answer an unserved petition.
13. It is disconcerting that the Former Wife and/or her counsel would attempt to manipulate the Court’s ruling such that the Former Wife can circumvent the Rules of Procedure as it pertains to service of process.
14. Rule 1.540(a) provides that “clerical mistakes in judgments, decrees, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion for [sic] any party and after such notice, if any, as the court order.”
15. Former Husband requests that this Court correct the clerical mistake of including the word “service” in place of the word “registration.”
16. The Former Husband further requests that this Court deny the Former Wife’s Motion for Judicial Default, which is not only improper, but should also be stricken.
On the same day, November 15, 2011, Gor-ny filed an objection to St. Leger’s request *242 to produce and standard family law interrogatories, and a motion for protective order. He asserted in part that there was “no pending action as required by Florida Rule of Civil Procedure 1.280(6)(l)[sic].” On November 16, 2011, Gorny filed a motion to dismiss St. Leger’s amended petition for domestication and enforcement, asserting lack of service of petition.
On November 18, 2011, the trial court entered an order denying St. Leger’s motion for judicial default, and denying Gor-ny’s motion to strike St. Leger’s motion for contempt, his motion for protective order, and his motion to dismiss St. Leger’s amended petition for domestication and enforcement. In the order, the trial court provided:
THIS CAUSE came before the Court on Counsel for Petitioner/Former Wife’s Motion for Judicial Default, filed with the Clerk on October 25, 2011.
Counsel for Respondent/Former Husband’s Objection to Entry of Judicial Default was filed with the Clerk on November 7, 2011.
Also before the Court is Counsel for Respondent/Former Husband’s Motion to Strike Former Wife’s Motion for Contempt for Improper Venue, Former Husband’s Objection to Former Wife’s Request to Produce and Standard Family Law Interrogatories and Motion for Protective Order, both filed with the Clerk on November 15, 201[sic] Respondent/Former Husband’s Motion to Dismiss Former Wife’s Amended Petition for Domestication and Enforcement, filed with the Clerk on November 16, 2011.
Respondent/Former Husband [sic] Motion to Strike Former Wife’s Contempt for Improper Venue provides no legal authority set forth in the said motion to strike and Fla.R.Civ.P. 1.410(f) does not apply to Former Husband’s basis for striking Former Wife’s Motion for Contempt.
In the Court’s Order on Second Case Management Conference entered on October 25, 2011, the Court determined service was effectuated for purpose of proceeding to a final hearing on enforcement rendering Respondent/Former Husband’s Motion to Dismiss Former Wife’s Amended Petition for Domestication and Enforcement moot.
After reviewing the Court file, Counsel for Petitioner/Former Wife’s Motion, Counsel for Respondent/Former Husband’s Objection and Motions, the Court’s prior Order and being otherwise advised in the premises, it is
ORDERED AND ADJUDGED
1. Petitioner/Former Wife’s Motion for Judicial Default is denied.
2. Respondent/Former Husband’s Motion to Strike Former Wife’s Motion for Contempt for Improper Venue is denied.
3. Motion for Protective Order is denied.
•4. Counsel for Respondent/Former Husband shall have seven (7) calendar days from the date of this Order to respond to discovery.
5. Respondent/Former Husband’s Motion to Dismiss Former Wife’s Amended Petition for Domestication and Enforcement is denied as moot.
Based upon our review of the record, at the time the trial court made the finding that service had been effectuated, the following events had occurred: (1) St. Leger was unable to effectuate service of the initial petition for domestication and enforcement, as is evidenced by the notice of non-service; (2) St. Leger was unable to effectuate service of process in relation to the amended petition for domestication and enforcement, as is evidenced by the *243 trial court’s order wherein it granted Gor-ny’s motion to quash service of process; and (3) counsel for St. Leger sent Gorny and Gorny’s counsel, through certified mail with return receipt requested, copies of the pleadings in the case. The record does not contain a return of service for any service of process that occurred subsequent to the trial court’s order granting Gorny’s motion to quash service of process. Nor does it contain an order vacating its grant of Gorny’s motion to quash service of process. We have accordingly been unable to find in the record the basis for the trial court’s determination that service had been effectuated. On appeal, St. Leger argues waiver, which we do not credit. She also argues facts that she contends establish that Gorny’s residence was, in fact, the DeBary address at the time service of process was attempted, but it is unclear whether this or any other evidence was ever put before the court or whether this could have been the basis of the trial court’s decision. It does not appear from the record that a hearing was ever conducted for the purpose of determining the issue of service of process, and the trial court never made any findings to explain its conclusion as to how or when proper service was made. Accordingly, we reverse and remand to the trial court to conduct a hearing to determine the issue of service of process and to enter a proper order.
REVERSED and REMANDED.
ORFINGER, C.J., GRIFFIN and JACOBUS, JJ., concur.