COHEN, J.
Appellant, John Pratt, appeals a non-final order to show cause why he should not be held in contempt of court and sanctioned for failure to comply with a court order compelling him to produce docu *315 ments. This dispute arises out of Appel-lee, Equity Bank’s attempt to enforce a Kansas judgment in a Florida circuit court. Pratt concedes that the Kansas judgment is enforceable in Florida, but argues that the trial court lacked personal jurisdiction over him. For a Florida court to have personal jurisdiction, Pratt contends, Equity Bank must personally serve him with process, in accordance with Florida statutory procedures. We disagree and affirm.
On July 14, 2010, Equity Bank obtained a default judgment (“the Kansas judgment”) against Pratt in the District Court of Miami County, Kansas. On October 11, 2010, Equity Bank filed and recorded the Kansas judgment in Osceola County, Florida pursuant to the Florida Enforcement of Foreign Judgments Act, §§ 55.501-.509, Fla. Stat. (2008). In accordance with section 55.505, the clerk of the court mailed a notice of recording of the judgment to Pratt at his Florida address by registered mail with return receipt requested. The mailing was returned unclaimed.
Thereafter, Equity Bank took various steps to enforce the Kansas judgment, including serving Pratt with a request for production of documents pursuant to Florida Rules of Civil Procedure 1.350 and 1.560. When Pratt did not comply with the request, the trial court entered an order to compel, ordering Pratt to produce the documents. When Pratt again failed to comply, Equity Bank filed a motion seeking sanctions. Specifically, Equity Bank asked the court for a writ of bodily attachment, to hold Pratt in contempt, and for attorney’s fees. Equity Bank served Pratt with this motion and a copy of the notice of hearing by mail and e-mail.
At the next hearing, Pratt’s counsel made a special appearance, arguing that the order to compel was void because the court lacked personal jurisdiction over Pratt. The trial court rejected Pratt’s jurisdictional argument and entered an order to show cause directing Pratt to appear and show cause why he should not be held in contempt. The order also provided that Pratt could avoid sanctions by producing the requested documents at least ten days before the next hearing.
Although Pratt continued to contest jurisdiction, he was unsuccessful, and the trial court entered a third order to show cause on July 27, 2012. Pratt appealed this order and filed a motion to stay the order pending appeal. We dismissed the appeal for failure to prosecute. The trial court then entered an amended third order to show cause, ordering Pratt to appear on December 12, 2012, and noting that failure to appear would result in a writ of attachment being issued directing the Sheriff to bring Pratt before the court. Again, the order stated that Pratt could avoid sanctions by complying with the discovery request. Pratt timely appealed.
A trial court’s determination of personal jurisdiction is reviewed de novo. Re-Emp’t Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 470 (Fla. 5th DCA 2007).
The Florida Enforcement of Foreign Judgments Act (FEFJA) provides a procedure for the holder of a foreign judgment to record the judgment and enforce it in Florida courts under Florida rules as if it were a Florida Judgment. See § 55.503, Fla. Stat. (2008); see also Fazzini v. Davis, 98 So.3d 98, 102 (Fla. 2d DCA 2012) (“When a foreign judgment is domesticated, it becomes enforceable as a Florida judgment.”). The FEFJA stems from the Full Faith and Credit Clause of the United States Constitution. Archbold Health Servs., Inc. v. Future Tech Bus. Sys., Inc., 659 So.2d 1204, 1205-06 (Fla. 3d DCA 1995). The purpose of the FEFJA is to provide a speedy and efficient method of *316 enforcing foreign judgments “without the further cost and harassment often incurred [with] an entirely new and separate action. ...” Id. at 1206. Thus, it does not require that the judgment creditor file a new lawsuit. Haigh v. Planning Bd. of Medfield, 940 So.2d 1230, 1233 (Fla. 5th DCA 2006). However, it also does not “impair the right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under [the FEFJA].” § 55.502(2), Fla. Stat. (2008).
In order to render a foreign judgment enforceable in Florida, the judgment creditor must record the judgment and provide the clerk of the circuit court with an affidavit setting forth the last known address of the judgment debtor. Id. § 55.505(1). Once the foreign judgment is recorded, the clerk is to mail notice of the recording, by registered mail .with return receipt requested, to the judgment debtor. Id. § 55.505(2). The statute makes clear that a properly recorded judgment will have “the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state.” Id. § 55.503(1).
Upon recordation, the judgment debtor has thirty days to file an action contesting either the validity of the foreign judgment or the jurisdiction of the court that entered the foreign judgment. Id. § 55.509(1). If the judgment debtor wishes to dispute the original judgment, it is incumbent upon him, not the judgment creditor, to initiate a new lawsuit. See id.; see also Haigh, 940 So.2d at 1233 (discussing this procedure, but allowing judgment debtor to dispute enforcement without bringing separate action because judgment creditor invited error by mistakenly filing complaint instead of using FEFJA recording and notice procedures).
Here, it is undisputed that Equity Bank complied with the recording and notice procedures of the FEFJA. Pratt further concedes that the Kansas court had personal jurisdiction over him, and that the Kansas judgment is enforceable in Florida. Pratt nevertheless argues that personal service of process must be effectuated for a Florida court to have personal jurisdiction over a judgment debtor in enforcement proceedings.[1] We reject Pratt’s position and hold that service of process is not required to enforce a foreign judgment against a judgment debtor. See Conidaris Constr. Co. v. First Atlantic Sav., 572 So.2d 27, 28 (Fla. 2d DCA 1990) (“We agree with GNLV Corp. v. Featherstone, 504 So.2d 63 (Fla. 4th DCA 1987), that section 55.501, Florida Statutes (1988), which provides procedures for the domestication of foreign judgments in Florida, is constitutional. We do not agree ... that the provisions in that section for notice to the judgment debtor are insufficient to meet due process standards.”); see also Tabet v. Tabet, 644 So.2d 557, 559 (Fla. 3d DCA 1994) (“The minimum contacts requirement of the due process clause does not prevent Florida from enforcing another state’s valid judgment against a judgment-debtor’s property located here, regardless of the lack of other minimum contacts by the judgment-debtor.” (citing *317 Shaffer v. Heitner, 433 U.S. 186, 210 n. 36, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977))).
Pratt’s insistence that Equity Bank is not only domesticating a foreign judgment, but also taking further legal action, is equally meritless. Equity Bank’s actions are consistent with the Florida rules for enforcing judgments, which allow discovery requests in aid of execution. See Fla. R. Civ. P. 1.560 (allowing for discovery in aid of execution); see also § 55.503(1), Fla. Stat. (2008) (stating that a properly recorded foreign judgment has “the same effect and shall be subject to the same rules of civil procedure ... as a judgment of a circuit or county court of this state”). Therefore, in issuing the order to show cause, the trial court properly exercised its power to enforce foreign judgments.
Accordingly, we affirm.
AFFIRMED.
LAWSON and EVANDER, JJ„ concur.

. For support, Pratt relies on this Court's decision in Gorny v. St. Leger, 114 So.3d 238 (Fla. 5th DCA 2013). However, Gomy is distinguishable from the instant case because, in Gomy, the judgment creditor filed a petition for domestication and enforcement of the foreign judgment in addition to recording the judgment pursuant to the FEFJA. Id. at 238. Equity Bank, on the other hand, relied solely on the FEFJA and did not file a new, separate legal action.