Joseph F. Hawkins, J.
Defendant seeks to vacate a default judgment entered against him on the 30th day of March, 1965, in the City Court of Yonkers. In the alternative, he seeks to have the judgment opened so as to permit an answer or otherwise to move against the complaint. A transcript of the City Court judgment was filed in the office of the Clerk of Westchester County on April 8, 1965. The defendant’s contention is that he was not served with the summons and that he has a meritorious defense to the action.
*1042 CPLR 5018 (subd. [a]) provides for the filing of a transcript of the docket of a judgment of a City Court with the Clerk of the county in which the judgment was entered: “ A judgment docketed by transcript under this subdivision shall have the same effect as a docketed judgment entered in the supreme court within the county where it is docketed.” The filing of the transcript does not make the judgment a County or Supreme Court judgment (Gilmore v. DeWitt, 256 App. Div. 1046). The judgment becomes a mere statutory judgment of the County Court (Quackenbush v. Johnston, 249 App. Div. 452). The judgment is not one over which the Supreme Court has power to relieve a default. Defendant must press his motion before the Yonkers City Court.
Motion denied without prejudice to the renewal thereof in the proper court.