PER CURIAM.
Ronald Cutler appeals an order dismissing his lawsuit collaterally attacking a Tennessee judgment which has been domesticated in Florida. We affirm.
In 1997 there was litigation between these parties in which appellees Shelton Harrison and Shelton Harrison Chevrolet, Inc. (“Harrison”) sought to domesticate a Tennessee money judgment against appellant Ronald Cutler. Cutler opposed that relief on procedural and substantive grounds. The court entered an order that the judgment be domesticated, thereby necessarily overruling Cutler’s defenses.
In 1999 Cutler filed an action for declaratory judgment, seeking to collaterally attack the Tennessee judgment. Cutler raised essentially the same arguments that he raised in the 1997 action. We agree with the trial court that the earlier proceeding was res judicata.
We agree with Cutler that the procedure followed in the 1997 action varied from that which is contemplated by the Florida Enforcement Foreign Judgments Act, §§ 55.501-509, Fla. Stat. (1997). That statute contemplates that Harrison as judgment creditor would file the judgment in Florida, without the necessity of filing a lawsuit, see id. § 55.503, and any litigation over the validity of the judgment would be initiated by Cutler as judgment debtor. See id. §§ 55.505, .509; Hinchee v. Golden Oak Bank, 540 So.2d 262, 263 (Fla. 2d DCA 1989); The Florida Bar, Creditors’ and Debtors’ Practice in Florida § 5.10a (1997). Although it was unnecessary, Harrison proceeded by civil action to request domestication of the judgment. The trial court overruled the objections offered by defendant-appellant Cutler, and ordered that the judgment be domesticated. There was no appeal. We concur with the trial court that the res judicata doctrine bars the present action.
Affirmed.