832 So.2d 213 (2002)
George A. MICHAEL, Appellant,
v.
VALLEY TRUCKING CO., INC., Appellee.
No. 4D01-5065.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
*214 Lynne S.K. Ventry of Lynne S.K. Ventry, P.A., Boca Raton, for appellant.
Deirdre E. Brett of Cameron, Davis & Gonzalez, P.A., West Palm Beach, for appellee.
HAZOURI, J.
On October 15, 1991, the United States District Court for the Southern District of Texas entered an Agreed Judgment[1] in favor of Valley Trucking Co., Inc. (Valley Trucking), and against George A. Michael (Michael). In December 1991, Valley Trucking filed a certified copy of the judgment with the United States District Court for the Southern District of Florida. In June 1992, Valley Trucking recorded a certified copy of the judgment in the public records of Palm Beach County, Florida.
In November 2000, Valley Trucking domesticated its judgment by recording a certified copy of that judgment in the public records of Palm Beach County pursuant to the Florida Enforcement of Foreign Judgments Act. §§ 55.501-509, Fla. Stat. (2000). In February 2001, Valley Trucking obtained a writ of execution from the clerk of the circuit court, and docketed that writ with the Palm Beach County Sheriff. Valley Trucking then gave notice of levy to the Palm Beach County Sheriff, directing the sheriff to levy on and sell the real property owned by Michael located at 915-917 Lake Avenue, Lake Worth, Florida (the Lake Avenue Property).
On March 15, 2001, Michael filed a motion to dismiss. The trial court denied this motion and permitted Valley Trucking to proceed with the levy on the Lake Avenue Property.
Michael also filed an affidavit of homestead pursuant to section 222.02, Florida Statutes, (2001), claiming that the Lake Avenue Property was exempt from levy *215 and sale. Valley Trucking filed an objection to Michael's claim of homestead. After an evidentiary hearing, the trial court entered its order denying Michael's claim of homestead.
Michael appeals the order denying his motion to dismiss and the order denying his claim of homestead. We affirm.
Michael contends that the Florida Enforcement of Foreign Judgments Act (the FEFJA) does not apply to Valley Trucking's judgment (a federal judgment from the United States District Court for the Southern District of Texas) because it was first recorded in Palm Beach County in 1992, prior to when the FEFJA was amended to apply to federal judgments. Since the FEFJA did not apply in 1992, when Valley Trucking first recorded the judgment in Palm Beach County, Michael asserts that Valley Trucking was required to file an action to domesticate the judgment in Florida in order to create a valid lien and execute on the judgment in Florida. Michael argues that Valley Trucking is now barred from doing so by the statute of limitations in section 95.11(2)(a), Florida Statutes (2000), which provides that "an action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country" must be brought within five years. Therefore, Michael contends that since Valley Trucking did not bring an action to domesticate its judgment by October 15, 1996 (five years from the date of judgment), any alleged lien is void. We disagree.
Prior to 1984, when Florida adopted the FEFJA, creditors with foreign judgments had to file an action to domesticate the judgment in Florida and then record the judgment as a Florida judgment in order to create a valid lien. Nat'l Equip. Rental, Ltd. v. Coolidge Bank & Trust Co., 348 So.2d 1236, 1238 (Fla. 2d DCA 1977). Once the FEFJA was adopted, it provided a simplified alternative procedure for domesticating a foreign judgment. A creditor with a foreign judgment only had to record a copy of the judgment with a circuit court in Florida and the judgment would be treated as if it was a Florida judgment. § 55.503, Fla. Stat. (2000). A Florida judgment automatically becomes a lien on real property in a particular county when a certified copy of the judgment is recorded in the public records of that county. Under section 55.10, Florida Statutes, any judgment recorded shall be a lien for a period of seven years from the date of recording. The lien can then be extended by re-recording for up to twenty years from the date of the judgment.
Until 1994, the FEFJA only applied to judgments obtained from other states. In 1994, it was amended to also apply to judgments of the United States District Courts. § 55.502, Fla. Stat. (2000). Therefore, until 1994, creditors with federal judgments who wished to place a lien on property in Florida had to file an action to domesticate the judgment in Florida and then record the judgment as a Florida judgment to create a lien. See Fed. Deposit Ins. Corp. v. Panelfab Int'l Corp., 501 So.2d 167 (Fla. 3d DCA 1987) (holding that requiring federal judgments to proceed through a domestication action does not violate the full faith and credit clause). Since 1994, creditors with federal judgments can simply record a copy of the judgment in the circuit court of any county in Florida and it will be given the same effect as a judgment obtained in Florida. They no longer have to file a separate action to domesticate the judgment. § 55.503, Fla. Stat. (2000).
Section 95.11(2)(a), Florida Statutes, applies to "actions on a judgment." *216 Actions to domesticate a foreign judgment fall within this statute. Valley Trucking would be barred by section 95.11(2)(a) if it attempted to enforce its judgment based on the 1992 recording of its judgment. However, when Valley Trucking re-recorded its judgment in 2000, the FEFJA applied and Valley Trucking was not required to bring an action to domesticate the judgment.
The re-recording in 2000 was not prohibited by the statute of limitations in section 95.11(2)(a), because that section applies only to independent actions on a judgment and not to the recording of a foreign judgment and proceedings to enforce that judgment under the FEFJA. In Burshan v. National Union Fire Insurance Co. of Pittsburgh, P.A., 805 So.2d 835 (Fla. 4th DCA 2001), this court addressed what constitutes an "action on a judgment." In Burshan, creditor obtained a judgment against debtor in the United States District Court for the Southern District of New York in 1987. Id. at 837. In 1993, creditor registered the judgment in the United States District Court for the Southern District of Florida. Creditor re-registered the judgment in 1998. In 1999, creditor was issued a writ of garnishment.[2]Id. at 838. The Federal District Court granted debtor's motion seeking dissolution of the writ and concluded that a garnishment proceeding was an action on a judgment within the meaning of section 95.11(2)(a). Therefore, debtor had to have brought the garnishment proceeding within five years of the date of the judgment. Debtor then filed a complaint in state court seeking damages arising from the federal court garnishment. The circuit court concluded that the federal district court had erred in its dismissal of the garnishment proceeding.
The determinative issue was whether section 95.11(2)(a) applied to a writ of garnishment. This court stated that neither the garnishment proceeding, nor the registration of the New York judgment under 28 U.S.C.A. § 1963, was an "action on a judgment" within the meaning of section 95.11(2)(a). This Court looked to prior case law to determine what constituted "an action on a judgment." Id. at 840. The main purpose of an action on a judgment is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action. Id. at 841. In addition, an action on a judgment can extend the statute of limitations on enforcement of the prior judgment. We stated that the registration of the judgment was not a "new and independent action," but only a step in its collection. Id. at 843.
The creditor in Burshan had registered its judgment under 28 U.S.C.A. § 1963 which provided that when a judgment is registered it shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. Id. at 839. Registration under this section gave the New York judgment the same effect as a judgment from the Southern District of Florida. Even though Burshan was not decided under the FEFJA, the reasoning can be applied to the instant case because the provisions regarding registering judgments and the treatment of registered judgments are almost identical.
In footnote 5 of Burshan, this court addressed its earlier decision in Muka v. Horizon Financial Corp., 766 So.2d 239 (Fla. 4th DCA 2000). In Muka, creditor *217 obtained a judgment against debtor in Texas federal court in 1985. Id. at 239. Under Texas law, the judgment became dormant if no writ of execution was issued within ten years of the date of the judgment. More than ten years after the judgment was issued, creditor tried to register the judgment in Florida pursuant to the FEFJA. Debtor argued that registration was barred by the five-year statute of limitations in section 95.11(2)(a). This Court stated:
We note that in FEFJA the legislature has sought to preserve the distinction between, as here, merely registering a foreign judgment and, alternatively bringing a formal civil action in this state on the foreign judgment. The distinction is important because, although these separate procedures both relate to enforcement of foreign judgments, they involve different consequences. Registration of a judgment is obviously derivative of the original judgment itself. That is to say, the effect of registering the judgment derives from the effect and enforceability of the foreign judgment itself. If the foreign judgment is no longer enforceable, then registration ought not to be available to breathe some effectiveness into a moribund decree.
Id. at 240-41.
This Court in Muka reasoned that since the judgment no longer had any effect in the state where the judgment was originally entered, allowing the judgment to be registered in Florida under the FEFJA would be similar to bringing an entirely separate action on a judgment. Although the court went on to state that the bar of section 95.11(2)(a) "also encompasses a proceeding to register a dormant and unrevived judgment of a foreign state," this was not essential to the holding in the case and, therefore, is dicta. Id. at 241.
Under the FEFJA, recording a foreign judgment does not start the statute of limitations period anew. Once registered under the FEFJA, foreign judgments are treated as Florida judgments and therefore become subject to section 55.081, Florida Statutes (2000), which states that no judgment shall be a lien on personal property within the state after the expiration of twenty years from the date of the entry of the judgment. Valley Trucking may have a lien only for twenty years after the date that the judgment was entered, regardless of when it was actually recorded. Therefore, simply recording the judgment pursuant to the FEFJA should not be viewed as an independent action on a judgment that would fall under the statute of limitations in section 95.11(2)(a). See also Haskin v. Haskin, 781 So.2d 431, 432 (Fla. 4th DCA 2001) (differentiating between seeking to domesticate a foreign judgment pursuant to the FEFJA and pursuing a common law action to enforce a final judgment).
Section 55.505, Florida Statutes, sets forth the procedures by which a judgment may be recorded. Section 55.507 provides that the foreign judgment becomes a lien thirty days after mailing of the notice required by section 55.505. Section 55.503 allows for the recording of a certified copy of any foreign judgment and provides that any judgment so recorded shall have the same effect of a judgment of a Florida court. Nowhere in section 55.504, 55.505, or 55.507 is there any limitation on the number of times a judgment can be recorded under Florida law. The only limitation is that a judgment must be recorded prior to the expiration of that judgment under the laws of the forum rendering that judgment. See Muka, 766 So.2d at 241; see also Burshan, 805 So.2d at 838 (1987 judgment registered in 1993 and re-registered in 1998).
*218 In the instant case, the judgment against Michael was still valid under Texas law in 2000 when Valley Trucking re-recorded it in Palm Beach County under the FEFJA and therefore was not barred by section 95.11(2)(a).
On the issue of whether the Lake Avenue Property was exempt from execution because it is homestead property, we hold that the trial judge did not abuse her discretion by determining under the totality of the circumstances that the Lake Avenue Property did not qualify as homestead.
AFFIRMED.
POLEN, C.J., and GUNTHER, J., concur.
NOTES
[1] The judgment was entered as restitution for an incident where Michael highjacked a tractor-trailer. Michael served time in prison in Texas based on a criminal conviction arising from this incident.
[2] A writ of garnishment, similar to execution, is a type of final process to enforce a judgment. Id. at 839.