902 So.2d 864 (2005)
NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE, Appellant,
v.
Phillip A. FRIONA, Appellee.
No. 4D03-4023.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
*865 Mark W. Rickard of Jacobson, Sobo & Moselle, Plantation, for appellant.
Stephen Rakusin of Rakusin & Plotka, P.A., Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING AND REHEARING EN BANC
MAY, J.
We grant the appellee's motion for rehearing, withdraw the previously issued opinion, and substitute the following. We deny the motion for rehearing en banc.
New York State Commissioner of Taxation and Finance (NYS) appeals a summary judgment in favor of Phillip Friona. The court found the statute of limitations barred NYS from domesticating a foreign judgment. We disagree and reverse.
The salient facts are not in dispute. On July 13, 1993, NYS obtained a tax warrant against Friona in the amount of $658,785.28.[1] Subsequent to the judgment being recorded in New York, Friona moved to Broward County, Florida, and has lived there since.
Approximately nine years after issuance of the tax warrant, NYS sought to domesticate the New York judgment in Florida by filing a transcript of the final judgment in Broward County, pursuant to the Florida Enforcement of Foreign Judgments Act (FEFJA).[2] Upon receiving notice of the attempt to domesticate the judgment, Friona objected and filed a complaint seeking to vacate and dismiss the domestication. Friona argued Florida's applicable statute of limitations expired. He also argued the "transcript" of the final judgment was insufficient, under Florida law, to domesticate a foreign judgment.
NYS moved to dismiss Friona's complaint. The court deferred ruling to consider whether "a certified copy of a New York Transcript of Judgment is the same or different than a certified copy of a New York Judgment." NYS filed a renewed motion to dismiss and provided the court with a memorandum of law on the issue. Friona then filed a motion for summary judgment.
The court granted the motion for summary judgment and found:
1. [A] New York Transcript of Judgment meets the requirements of *866 § 55.503 requiring that a certified copy of a Final Judgment be recorded, and;
2. The Statute of Limitations for enforcement actions on the NYS judgment in this cause is five (5) years....
3. The Statute of Limitations has run on the enforcement of the judgment in Florida....
We agree the New York Transcript meets the requirements of section 55.503, Florida Statutes (2002).[3] We disagree, however, with the court's application of the five-year statute of limitations to the "domestication" of the foreign judgment.
Section 95.11, Florida Statutes (2002), provides a twenty-year limitation period when a party files an "action on a judgment or decree of a court of record in this state," and a five-year period when the action concerns a judgment or decree "not of record, of this state or any court of the United States...." § 95.11(1) & (2)(a), Fla. Stat. (2002) (emphasis added). If the act of "domestication" is an "action on a judgment," this section applies. However, this court has previously held that section 95.11, Florida Statutes does not apply. See Muka v. Horizon Fin. Corp., 766 So.2d 239 (Fla. 4th DCA 2000); see also Michael v. Valley Trucking Co., 832 So.2d 213, 217 (Fla. 4th DCA 2002) (citing Haskin v. Haskin, 781 So.2d 431 (Fla. 4th DCA 2001)) (differentiating between seeking to domesticate a foreign judgment pursuant to the FEFJA and pursuing a common law action to enforce a final judgment).
In Muka and Michael, this court determined the act of domesticating a foreign judgment was not equivalent to bringing an action on the foreign judgment. "[S]imply recording the judgment pursuant to the FEFJA should not be viewed as an independent action on a judgment that would fall under the statute of limitations in section 95.11(2)(a)." Michael, 832 So.2d at 217. In fact, our legislature has made this very distinction. The FEFJA "shall not be construed to impair the right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under [FEFJA]." § 55.502(2), Fla. Stat. (2002) (emphasis added). Section 95.11 simply does not apply when a judgment creditor opts to domesticate its foreign judgment under FEFJA rather than immediately enforce it under another subsection.
The only limitation on recording a judgment under Florida law "is that a judgment must be recorded prior to the expiration of that judgment under the laws of the forum rendering that judgment." See Michael, 832 So.2d at 217 (emphasis added). Once domesticated, a foreign judgment will be effective for a period no longer than the original forum's statute of limitations or twenty years, whichever comes first. See N.Y. Dep't of Taxation v. Patafio, Jr., 829 So.2d 314 (Fla. 5th DCA 2002); see also § 95.11(1), Fla. Stat. (2002); § 95.10, Fla. Stat. (2002)(causes of action arising in another *867 state are barred here if they are time-barred in the state in which they arose).
Here, the applicable New York statute of limitations states: "[a] money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to enforce it." N.Y. CPLR LAW § 211 (McKinney 2004) (emphasis added). Since the time period to enforce the tax warrant under New York law had not expired, NYS should have been permitted to domesticate the judgment in this state. See id.; cf. Patafio, Jr., 829 So.2d 314 (section 95.11 applied where plaintiff filed an action under section 72.401(2), Florida Statutes, to enforce a foreign judgment not of record in this state); N.Y. Dep't of Taxation & Fin. v. Klein, 852 So.2d 866 (Fla. 4th DCA 2003).
Accordingly, the summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
KLEIN and GROSS, JJ., concur.
NOTES
[1] A "tax warrant" is the equivalent of a "final judgment." See N.Y. TAX LAW § 692(e) (McKinney 2004) ("[w]hen a warrant has been filed with the county clerk the tax commission shall ... be deemed to have obtained judgment against the taxpayer for the tax or other amounts").
[2] The FEFJA affords any person with a foreign judgment against a resident of this state the right to the judgment in the "office of the clerk of the circuit court of any county" in this state. See § 55.503(1), Fla. Stat. (2002). Once recorded, the foreign judgment "shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, ... as a judgment of a circuit or county court of this state." See id.
[3] We have reviewed the issue on cross-appeal and find it without merit. Article IV, Section I, of the Constitution of the United States, requires full faith and credit be given "in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. CONST. art. IV, § 1. This clause obligates this State to afford the same effect to foreign judgments as they would receive in the rendering state. Because New York law permits a properly prepared transcript of a final judgment to be used to enforce a corresponding final judgment, this state must afford full faith and credit to this procedure. See N.Y. CPLR LAW § 5018(a) (McKinney 2004); see also Wood v. Ford, 78 A.D.2d 585, 432 N.Y.S.2d 572 (App.Div.1980); Tower Sales Corp. v. Byrd, 46 Misc.2d 1041, 261 N.Y.S.2d 832 (Sup.Ct.1965).