PER CURIAM.
 

 After Appellant, the State of Maine, obtained a judgment against Appellee for individual income tax liability, it domesticated its judgment in Florida pursuant to Florida law. The trial court issued an order granting Appellee’s motion to vacate the judgment and quashing the recording of the foreign judgment, concluding that Appellee’s Maine individual income tax liability is not enforceable in Florida. Appellant challenges that order, asserting that its judgment is entitled to full faith and credit. We agree and reverse.
 

 Appellant obtained a $64,214.91 judgment against Appellee for individual income taxes owed to Appellant. Pursuant to the Florida Enforcement of Foreign Judgments Act, sections 55.501-509, Florida Statutes, Appellant recorded its foreign judgment in Citrus County, Florida, and notified Appellee of the recording. Section 55.503(1), Florida Statutes (2008), provides:
 

 55.503 Recording and status of foreign judgments; fees.—
 

 (1) A copy of any foreign judgment certified in accordance with the laws of the United States or of this state
 
 *880
 
 may be recorded in the office of the clerk of the circuit court of any county. The clerk shall file, record, and index the foreign judgment in the same manner as a judgment of a circuit or county court of this state. A judgment so recorded shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state.
 

 Appellee filed a motion to vacate the foreign judgment, arguing that its enforcement was contrary to Florida’s public policy as set forth in section 72.041, Florida Statutes (2008). Section 72.041 is entitled “Tax liabilities arising under the laws of other states,” and provides that “[ajctions to enforce lawfully imposed sales, use, and corporate income taxes and motor and other fuel taxes of another state may be brought in a court of this state” under certain enumerated conditions. Appellee asserted that only foreign judgments based on those taxes enumerated in section 72.041 are enforceable in Florida, and that because Appellant’s judgment was not based on one of the enumerated taxes, it was not enforceable in Florida. The trial court agreed and rendered an order granting Appellee’s motion to vacate Appellant’s judgment and quashing the clerk’s registration of the judgment.
 

 On appeal, Appellant contends that the trial court erred by not giving its foreign judgment full faith and credit under the United States Constitution. We agree.
 
 M & R Invs., Co., Inc. v. Hacker,
 
 511 So.2d 1099 (Fla. 5th DCA 1987). We also agree that the lower court misinterpreted section 72.041 to establish the public policy of Florida with respect to enforcing tax liabilities from other states. Section 72.041 merely provides conditions under which another state’s imposed sales, use, corporate income, and motor and other fuel taxes may be enforced in Florida. It does not pertain to income tax liability and certainly cannot be interpreted to establish a public policy against enforcement of income tax liability. Even if it did, Appellant did not invoke the statute to enforce its claim; it only sought to domesticate a judgment that it had already obtained in its courts.
 
 See New York State Comm’r of Taxation & Fin. v. Friona,
 
 902 So.2d 864, 866 (Fla. 4th DCA 2005) (reiterating that domesticating foreign judgment under Florida Enforcement of Foreign Judgment Act not equivalent to bringing action on foreign judgment).
 

 REVERSED AND REMANDED.
 

 PALMER, TORPY and COHEN, JJ., concur.