IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

May 20, 2015


RICHARD HESS, MEREDITH HESS,      )
and LUCRE, INC.,                  )
                                  )
            Appellants,           )
                                  )
v.                                )      Case No. 2D13-3355
                                  )
JOHN T. PATRICK,                  )
                                  )
            Appellee.             )
_____)


      Upon consideration of the Appellee's motion for rehearing filed April 16,

2015, it is

      ORDERED that the Appellee's motion for rehearing or certification is

denied.  However, due to a scrivener's error, this court's opinion dated April 1, 2015, is

withdrawn, and the attached opinion is issued in its place.  The only change to the

opinion is to correct the first sentence of the first full paragraph on page 7.  No further

motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


JAMES R. BIRKHOLD, CLERK

RICHARD HESS, MEREDITH HESS,          )
and LUCRE, INC.,                      )
                                      )
          Appellants,                 )
                                      )
v.                                    )          Case No. 2D13-3355
                                      )
JOHN T. PATRICK,                      )
                                      )
          Appellee.                   )
_____)

Opinion filed May 20, 2015.

Appeal from the Circuit Court for Lee
County; Keith R. Kyle, Judge.

Elisa S. Worthington of Elisa S.
Worthington, P.A., Pineland, for Appellants.

Robert L. Donald of Law Office of
Robert L. Donald, Fort Myers, for Appellee.


SILBERMAN, Judge.

          Richard Hess, Meredith Hess, and Lucre, Inc. (collectively the Hesses),

appeal the trial court's order that grants John T. Patrick's motion to quash a writ of

execution and quashes the writ with prejudice. The Hesses obtained an Arizona federal

judgment awarding them a total of $1,600,000. They registered the judgment in Florida

under sections 55.501-.509, Florida Statutes (2012), the Florida Enforcement of Foreign

Judgments Act (FEFJA). The trial court determined that Arizona's five-year statute of

limitations applies and that the judgment is unenforceable in Florida. We reverse and

remand based on our determination that Florida's twenty-year statute of limitations applies.

A federal district court in Arizona entered a judgment against Patrick in August 2003 and later an amended judgment in December 2003 (the Arizona judgment). The Hesses did not file an independent action in Florida to obtain a Florida judgment founded on the Arizona judgment. Instead, they registered the Arizona judgment in Lee County, Florida, on April 26, 2006, pursuant to FEFJA. The Hesses took no action to renew the Arizona judgment in Arizona. Thus, based on Arizona's five-year statute of limitations, the judgment became unenforceable in Arizona in 2008. See Ariz. Rev. Stat. Ann. § 12-1551(B) (2012) ("An execution or other process shall not be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to section 12-1612 or an action is brought on it within five years from the date of the entry of the judgment or of its renewal.").

On September 12, 2012, the Hesses obtained a writ of execution in Florida, and Patrick filed a motion to quash the writ of execution. The trial court determined that the Arizona judgment was not enforceable in either Arizona or Florida because Arizona's five-year statute of limitations continued to control after domestication of the Arizona judgment in Florida under FEFJA. The trial court granted Patrick's motion and quashed the writ of execution with prejudice. The Hesses now appeal that order.

FEFJA is Florida's version of the Uniform Enforcement of Foreign Judgments Act (UEFJA). See In re Goodwin, 325 B.R. 328, 330 (Bankr. M.D. Fla.

2005).  FEFJA provides a procedure so that out-of-state foreign judgments will be given full faith and credit by the courts of Florida.  See id.; see also § 55.502(1); Fazzini v. Davis, 98 So. 3d 98, 102-03 (Fla. 2d DCA 2012).  It is a simplified process that does not require the creditor to file a lawsuit.  Pratt v. Equity Bank, N.A., 124 So. 3d 313, 315-16 (Fla. 5th DCA 2013); Michael v. Valley Trucking Co., 832 So. 2d 213, 215 (Fla. 4th DCA 2002).  Registration of a foreign judgment under FEFJA is not the equivalent of a common law action on a judgment, and the two procedures are alternatives that have different consequences.  Haigh v. Planning Bd. of Medfield, 940 So. 2d 1230, 1234 (Fla. 5th DCA 2006); N. Y. State Comm'r of Taxation & Finance v. Friona, 902 So. 2d 864, 866 (Fla. 4th DCA 2005); Michael, 832 So. 2d at 216-17.  FEFJA specifically recognizes that it does not impair a judgment creditor's right to bring an action on a foreign judgment rather than to domesticate it through registration under FEFJA.  See § 55.502(2).  There is no dispute that the Hesses properly registered the Arizona judgment in Florida in 2006 before the judgment expired in Arizona in 2008.  See Michael, 832 So. 2d at 217 (recognizing that a foreign "judgment must be recorded prior to the expiration of that judgment under the laws of the forum rendering that judgment").

A creditor who brings an action on a foreign judgment is subject to a five-year statute of limitations to bring the action.  § 95.11(2)(a), Fla. Stat. (2012).  Such an action results in a new Florida judgment that begins a new twenty-year statute of limitations for enforcement of the new judgment.  See § 95.11(1); Haigh, 940 So. 2d at 1234.  But recording a foreign judgment and seeking to enforce it under FEFJA is not an action on a foreign judgment, and thus the five-year limitation period in section

95.11(2)(a) is inapplicable here. See Haigh, 940 So. 2d at 1233; Michael, 832 So. 2d at 216.

The Hesses contend that the trial court erred in determining that Arizona's five-year statute of limitations applies. They assert that the Arizona judgment is subject to Florida's twenty-year statute of limitations, measured from the date the Arizona federal court rendered the judgment in 2003; thus, they argue that the Arizona judgment is still enforceable in Florida. The Hesses look to section 55.503(1) to support their argument that once a foreign judgment is registered pursuant to FEFJA Florida's twenty-year statute of limitations applies. Section 55.503(1) provides that a foreign judgment properly recorded under FEFJA "shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state." Thus, the Hesses argue that section 55.503(1) provides that a judgment domesticated under FEFJA shall be enforced as a Florida judgment, and Florida courts have so held. See Zitani v. Reed, 992 So. 2d 403, 406 (Fla. 2d DCA 2008) (citing to section 55.503(1) and stating that a "California judgment became enforceable like any judgment entered by a circuit court in Florida"); see also Fazzini, 98 So. 3d at 102; Pratt, 124 So. 3d at 315; Michael, 832 So. 2d at 217.

With respect to the statute of limitations question here, FEFJA does not contain its own statute of limitations, and the Hesses argue that Florida's twenty-year statute of limitations for an action on a Florida judgment applies. See § 95.11(1).

- 4 -

Patrick contends that a different result is required by a nonuniform provision of FEFJA contained in section 55.502(4). Section 55.502 provides as follows:

**55.502 Construction of act. –**

(1) As used in ss. 55.501-55.509, the term "foreign judgment" means any judgment, decree, or order of a court of any other state or of the United States if such judgment, decree or order is entitled to full faith and credit in this state.

(2) This act shall not be construed to impair the right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under this act.

(3) This act shall be interpreted and construed to effectuate its general purpose to make uniform the law with respect to the subject of this act among states enacting it.

(4) <u>Nothing contained in this act shall be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments.</u>

(Emphasis added.)

The Hesses contend that subsection (4) simply refers to subsection (2) above with respect to an action on a foreign judgment and its five-year statute of limitations in section 95.11(2)(a), thus leaving Florida's twenty-year statute of limitations applicable to a foreign judgment domesticated under FEFJA. State and federal courts in Florida have agreed with this interpretation. See <u>In re Goodwin</u>, 325 B.R. 328, 333-34 (Bankr. M.D. Fla. 2005) (determining that the twenty-year statute of limitations in section 95.11(1) applied to Maine judgments recorded under FEFJA); <u>see also</u> <u>Le Credit Lyonnais, S.A. v. Nadd</u>, 741 So. 2d 1165, 1169, 1172 (Fla. 5th DCA 1999) (analyzing FEFJA in a case concerning out-of-country foreign judgments), <u>aff'd</u>, 804 So. 2d 1226 (Fla. 2001); <u>N. Y. State Dep't of Taxation v. Patafio</u>, 829 So. 2d 314, 319 (Fla. 5th DCA 2002) (Sharp, J., concurring specially) (stating that when registered under

FEFJA "the foreign judgment becomes a Florida judgment and is then subject to the Florida statute of limitations for Florida judgments").

In Nadd, the Fifth District stated that one interpretation of section 55.502(4) is that section 95.11(2)(a), the five-year statute of limitations on an action on a foreign judgment, "remains as a bar to suits brought under the common law mode of enforcement, having referenced that remedy in a closely preceding provision." 741 So. 2d at 1169. The bankruptcy court in In re Goodwin found this to be "the more accurate interpretation of the non-uniform FEFJA provision." 325 B.R. at 333. That interpretation is consistent with the later provision in section 55.503(1) that a domesticated foreign judgment is to be treated like a Florida judgment. And, "[t]o hold otherwise places a greater restraint on the enforcement of foreign judgments than is warranted in light of the policy behind adopting the FEFJA and similar Uniform laws." Id. Furthermore, "[p]ermitting strained readings which obviate the clear language providing a judgment, once domesticated, shall be treated in the same manner as a Florida state court judgment is not necessary or warranted." Id.

But section 55.502(4) has also been interpreted "according to its 'plain language' " to refer to the limitation period in the state rendering the foreign judgment. See In re Tranter, 245 B.R. 419, 422 (Bankr. S.D. Fla. 2000) (determining that a Kentucky judgment registered under FEFJA was subject to Kentucky's fifteen-year statute of limitations). In dicta, some Florida state courts have also suggested this same result. See Haigh, 940 So. 2d at 1234 ("Specifically, registration of and proceedings to enforce a foreign judgment are derivative of the original judgment and are therefore subject to the limitations period in the jurisdiction where the judgment was

originally rendered."); Friona, 902 So. 2d at 866 (recognizing that a foreign judgment must be recorded before expiration of the judgment under the laws of the rendering forum but going on to state that "[o]nce domesticated, a foreign judgment will be effective for a period no longer than the original forum's statute of limitations or twenty years, whichever comes first").

Since In re Tranter, however, the Southern District of Florida has stated that a domesticated foreign judgment under FEFJA is subject to Florida's twenty-year statute of limitations, citing the decision in In re Goodwin, 325 B.R. at 333. See 645 W. 44th St. Assocs. v. Koch, No. 13-61475-Civ-Scola, 2014 WL 1652035, at *2 (S.D. Fla. Apr. 24, 2014). And relying on the reasoning in In re Goodwin and Koch, the First District determined that Florida's twenty-year statute of limitations applied to a Nevada judgment domesticated in Florida under FEFJA. Desert Palace, Inc. v. Wiley, 145 So. 3d 946, 948 (Fla. 1st DCA 2014).

We agree that, as worded, section 55.502(4) applies to Florida's five-year statute of limitations applicable to actions to enforce a foreign judgment referenced in subsection (2) of the same section, not the varied statutes of limitation in states around the country. The practical result is that by domesticating the Arizona judgment under FEFJA, Florida's twenty-year statute of limitations applies *and begins to run from the date of the Arizona judgment.* See Michael, 832 So. 2d at 217. Had the Hesses instead filed a common law action to enforce the Arizona judgment, they would have received a Florida judgment with a new twenty-year statute of limitations *running from the date of the new Florida judgment.* See id. at 216.

Thus, we reverse the trial court's order that applies Arizona's five-year statute of limitations, determines that the Arizona judgment is unenforceable in Florida, and quashes the writ of execution with prejudice.  On remand, the Hesses may proceed with the writ of execution.

Reversed and remanded.

LaROSE and SLEET, JJ., Concur.