# Supreme Court of Florida

_____

No. SC15-1147
_____

**JOHN PATRICK,**
Petitioner,

vs.

**RICHARD HESS, et al.,**
Respondents.

[February 16, 2017]

PER CURIAM.

John Patrick seeks review of the decision of the Second District Court of Appeal in Hess v. Patrick, 164 So. 3d 19 (Fla. 2d DCA 2015), on the ground that it expressly and directly conflicts with Haigh v. Planning Board, 940 So. 2d 1230 (Fla. 5th DCA 2006), and New York State Commissioner of Taxation & Finance v. Friona, 902 So. 2d 864 (Fla. 4th DCA 2005). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons provided below, we hold that the twenty-year statute of limitations found in section 95.11(1), Florida Statutes (2012), is applicable to the enforcement of a foreign judgment after it is recorded under the Florida Enforcement of Foreign Judgments Act (FEFJA). We therefore approve

the decision of the Second District in <u>Hess</u> and disapprove the conflict cases to the extent they are inconsistent with this opinion.

## FACTS

In December 2003, Richard Hess, Meredith Hess, and Lucre, Inc., (collectively the Hesses) obtained an amended judgment against John T. Patrick (hereinafter Patrick) from a federal district court in Arizona in the amount of $1,600,000. <u>Hess</u>, 164 So. 3d at 19. On April 26, 2006, the Hesses registered the Arizona judgment in Florida under FEFJA. <u>Id.</u> at 20. Because the Hesses failed to renew the judgment prior to the expiration of Arizona's five-year statute of limitations, the judgment became unenforceable in Arizona in 2008. <u>Id.</u> On September 12, 2012, the Hesses obtained a writ of execution in Florida, and Patrick filed a motion to quash the writ. <u>Id.</u> The trial court determined that the Arizona judgment was not enforceable in either Arizona or Florida because Arizona's five-year statute of limitations continued to control after domestication of the Arizona judgment in Florida under the Act. <u>Id.</u> Accordingly, the trial court granted Patrick's motion and quashed the writ with prejudice. <u>Id.</u> The Hesses appealed the trial court's order.

On appeal, the Second District held that "by domesticating the Arizona judgment under FEFJA, Florida's twenty-year statute of limitations [contained in section 95.11(1)] applie[d] <u>and beg[an] to run from the date of the Arizona</u>

judgment." Id. at 22. In reaching this conclusion, the Second District reasoned that "a domesticated foreign judgment is to be treated like a Florida judgment" under section 55.503(1), Florida Statutes (2012). Id. The Second District further found that a domesticated judgment is not subject to the five-year statute of limitations in section 95.11(2)(a) because "recording a foreign judgment and seeking to enforce it under FEFJA is not an action on a foreign judgment" and "as worded, section 55.502(4) applies to Florida's five-year statute of limitations applicable to actions to enforce a foreign judgment referenced in subsection (2) of the same section, not the varied statutes of limitation in states around the country." Id. at 20, 22. The district court reversed the trial court order and remanded the case so that the Hesses could proceed with the writ of execution against Patrick. Id. at 22.

## DISCUSSION

The question under review involves a determination of the applicable statute of limitations for the enforcement of a foreign judgment after it is recorded under FEFJA.[1] This Court reviews the interpretation of a statute de novo. See Polite v. State, 973 So. 2d 1107, 1111 (Fla. 2007). The goal of this statutory interpretation

---

1. The question on review does not involve a determination of the applicable statute of limitations for recording a foreign judgment under FEFJA. In other words, the timeliness of recording a foreign judgment under FEFJA is not at issue here.

- 3 -

"is to determine legislative intent." Crews v. State, 183 So. 3d 329, 332 (Fla. 2015). To do so, we first consult the plain meaning of the text of the statute. W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 9 (Fla. 2012). "When the statute is clear and unambiguous," we look no further than the statute's plain language to determine the Legislature's intent and to avoid rules of statutory construction. Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005).

Where the statutory "language is unclear or ambiguous," we apply rules of statutory construction to determine legislative intent. Polite, 973 So. 2d at 1111. One such rule is "[t]he doctrine of in pari materia . . . [which] requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent." Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008) (quoting Fla. Dep't of State v. Martin, 916 So. 2d 763, 768 (Fla. 2005)). In following this rule, we endeavor to give each clause of the statute effect and to accord harmony among all the statute's parts. Jones v. ETS of New Orleans, Inc., 793 So. 2d 912, 914-15 (Fla. 2001) (quoting Acosta v. Richter, 671 So. 2d 149, 153-54 (Fla. 1996)).

Florida enacted the Uniform Enforcement of Foreign Judgments Act, or Florida Enforcement of Foreign Judgments Act (FEFJA), in 1984. In re Goodwin, 325 B.R. 328, 330 (Bankr. M.D. Fla. 2005); see §§ 55.501-.509, Fla. Stat. (2012). The Act creates an alternative simplified procedure for domesticating foreign

judgments.  <u>N.Y. State Comm'r of Taxation & Fin. v. Hayward</u>, 902 So. 2d 309, 310 (Fla. 4th DCA 2005).  FEFJA gives Florida courts a procedure by which "out-of-state foreign judgments will be given full faith and credit."  <u>Hess</u>, 164 So. 3d at 20; <u>see</u> § 55.502(1) Fla. Stat. ("As used in ss. 55.501-55.509, the term 'foreign judgment' means any judgment, decree, or order of a court of any other state or of the United States if such judgment, decree, or order is entitled to full faith and credit in this state.").

FEFJA was intended to provide an efficient method of enforcing foreign judgments without undue cost and difficulty associated with filing a new, separate action to domesticate a foreign judgement.  <u>Pratt v. Equity Bank, N.A.</u>, 124 So. 3d 313, 315-16 (Fla. 5th DCA 2013) (quoting <u>Archbold Health Services, Inc. v. Future Tech Bus. Sys., Inc.</u>, 659 So. 2d 1204, 1206 (Fla. 3d DCA 1995)).  Before Florida's adoption of FEFJA in 1984, creditors seeking creation of a valid lien had to file an action to domesticate the judgment and record the judgment in Florida.  <u>Michael v. Valley Trucking Co.</u>, 832 So. 2d 213, 215 (Fla. 4th DCA 2002).  A foreign judgment domesticated under FEFJA has the same effect as a Florida judgment and is subject to the same legal and equitable defenses and rules of procedure.  <u>Desert Palace, Inc. v. Wiley</u>, 145 So. 3d 946, 947 (Fla. 1st DCA 2014).

FEFJA provides the following:

**55.501 Florida Enforcement of Foreign Judgments Act; short title.**—Sections 55.501-55.509 may be cited as the "Florida Enforcement of Foreign Judgments Act."

**55.502 Construction of act.**—

(1) As used in ss. 55.501-55.509, the term "foreign judgment" means any judgment, decree, or order of a court of any other state or of the United States if such judgment, decree, or order is entitled to full faith and credit in this state.

(2) This act shall not be construed to impair the right of a judgment creditor to bring an action to enforce his or her judgment instead of proceeding under this act.

(3) This act shall be interpreted and construed to effectuate its general purpose to make uniform the law with respect to the subject of this act among states enacting it.

(4) Nothing contained in this act shall be construed to alter, modify, or extend the limitation period applicable for the enforcement of foreign judgments.

**55.503 Recording and status of foreign judgments; fees.**—

(1) A copy of any foreign judgment certified in accordance with the laws of the United States or of this state may be recorded in the office of the clerk of the circuit court of any county. The clerk shall file, record, and index the foreign judgment in the same manner as a judgment of a circuit or county court of this state. A judgment so recorded shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state.

§§55.501-55.503(1), Fla. Stat. (emphasis added). Section 55.502(4) is a non-uniform provision added by the Florida Legislature, and no other state's version of the Act contains this provision. This Court has only discussed FEFJA in one case,

where we briefly acknowledged both section 55.503(1) and section 55.502(4). See Nadd v. Le Credit Lyonnais, S.A., 804 So. 2d 1226, 1229 n.7 (Fla. 2001).

Patrick argues that the limitations period applicable to the enforcement of a foreign judgment recorded under FEFJA is the limitations period applicable in the state where the judgment was originally rendered under section 55.502(4). We cannot agree. With respect to the statute of limitations question here, FEFJA does not contain its own statute of limitations. We conclude, as did the Second District, that "as worded, section 55.502(4) applies to Florida's five-year statute of limitations applicable to actions to enforce a foreign judgment referenced in subsection (2) of the same section, not the varied statutes of limitation in states around the country." Hess, 164 So. 3d at 22. Accordingly, we turn to Florida's general statutory provisions to determine a limitations period.

Section 95.11, Florida Statutes (2012), provides the following statute of limitations:

> Actions other than for recovery of real property shall be commenced as follows:
> (1) WITHIN TWENTY YEARS.—An action on a judgment or decree of a court of record in this state.
> (2) WITHIN FIVE YEARS.—
> (a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.

Enforcement of judgments within the state must be conducted within "the time constraints of section 95.11," Florida Statutes. Nadd, 804 So. 2d at 1232.

Patrick alternatively argues that the limitations period applicable to the enforcement of a foreign judgment recorded under FEFJA is five years under section 95.11(2)(a). We disagree. We do not believe the Legislature intended to subject a foreign judgment recorded under FEFJA to the enforcement limitations set forth in section 95.11(2)(a) because, once recorded pursuant to the act, a foreign judgment is treated as a Florida judgment. Nadd, 804 So. 2d at 1229 n.7; see § 55.503(1), Fla. Stat.

The language of FEFJA, when read in pari materia with section 95.11(1), demonstrates that the Legislature intended to apply the twenty-year limitations period contained in section 95.11(1) to the enforcement of a foreign judgment after its recording and domestication under FEFJA. FEFJA specifically requires that after a foreign judgment is recorded under the Act, it "shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments, and it may be enforced, released, or satisfied, as a judgment of a circuit or county court of this state." § 55.503(1), Fla. Stat. Therefore, we hold that the twenty-year statute of limitations found in section 95.11(1) applies to the enforcement of a foreign judgment after it is recorded under FEFJA. This interpretation gives full

- 8 -

effect to the legislative intent to treat a foreign judgment recorded under FEFJA as a judgment of this state by subjecting it to the same enforcement limitations applicable to domestic judgments. See § 55.503(1), Fla. Stat.; Nadd, 804 So. 2d at 1229 n.7.[2]

Moreover, this interpretation is consistent with this Court's reasoning in Nadd. In Nadd, this Court addressed the statute of limitations applicable to a foreign judgment under Florida's codification of the Uniform Foreign Money Judgment Recognition Act (UFMJRA)—a similar uniform law—and explained that "[s]ection 95.11(1) provides that an action to enforce a judgment of a court of record of this state must be commenced within twenty years." Nadd, 804 So. 2d at 1232. This Court held that the twenty-year statute of limitations applies to actions brought to enforce a judgment once it has become domesticated under the Uniform Foreign Money Judgment Recognition Act. Id. at 1233. Similarly, once a judgment is recorded and domesticated under FEFJA, it is treated as a judgment of this state and thus subject to the twenty-year limitations period contained in section 95.11(1).

**CONCLUSION**

---

2. The Second District in Hess also determined the limitations period begins to run when the judgment is rendered in the foreign jurisdiction. We do not address this issue as it is not necessary for a resolution of this case.

The Second District's decision in Hess expressly and directly conflicts with the Fifth District's decision in Haigh and the Fourth District's decision in Friona on the same question of law. Hess correctly concluded that the twenty-year limitations period contained in section 95.11(1) applies to the enforcement of a foreign judgment after it is domesticated under FEFJA. In contrast, Haigh erroneously concluded that a foreign judgment domesticated under FEFJA is subject to the limitations period in the jurisdiction in which the judgment was originally rendered because the proceedings under FEFJA are derivative of the original judgment. Haigh, 940 So. 2d at 1234. Friona erroneously concluded that "[o]nce domesticated [under FEFJA], a foreign judgment will be effective for a period no longer than the original forum's statute of limitations or twenty years, whichever comes first." Friona, 902 So. 2d at 866.

For the reasons stated above, we approve the decision of the Second District and disapprove Haigh and Friona.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.
LAWSON, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

- 10 -

CANADY, J., dissenting.

Because I conclude that the decision of the Second District in Hess v. Patrick, 164 So. 3d 19 (Fla. 2d DCA 2015), does not expressly and directly conflict with the decision of the Fifth District in Haigh v. Planning Board, 940 So. 2d 1230 (Fla. 5th DCA 2006), or the decision of the Fourth District in New York State Commissioner of Taxation & Finance v. Friona, 902 So. 2d 864 (Fla. 4th DCA 2005), I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3) of the Florida Constitution.

In Hess, the Second District addressed the statute of limitations applicable to the enforcement of a foreign judgment after it is recorded under FEFJA and held that "by domesticating the Arizona judgment under FEFJA, Florida's twenty-year statute of limitations [contained in section 95.11(1)] applie[d] and beg[an] to run from the date of the Arizona judgment." Hess, 164 So. 3d at 22 (emphasis omitted). In contrast, the Fifth District in Haigh addressed the statute of limitations applicable to a common law action upon a foreign judgment. Haigh held that the underlying suit was a common law "action upon a foreign judgment" rather than a proceeding to record and enforce a foreign judgment under FEFJA, and thus time-barred under section 95.11(2)(a). Haigh, 940 So. 2d at 1234. The rule of law announced in Hess addresses the limitations period for enforcing a foreign judgment domesticated under FEFJA while the rule of law announced in Haigh

- 11 -

addresses the limitations period for filing an action upon a foreign judgment. Haigh thus provides no basis for the Court to exercise conflict jurisdiction over Hess.

In dicta, Haigh commented that under FEFJA, "proceedings to enforce a foreign judgment are derivative of the original judgment and are therefore subject to the limitations period in the jurisdiction where the judgment was originally rendered." Id. Such comments do not establish binding legal precedent[3] and therefore do not create conflict. See Ansin v. Thurston, 101 So. 2d 808, 811 (Fla. 1958) ("A limitation of review to decisions in 'direct conflict' clearly evinces a concern with decisions as precedents as opposed to adjudications of the rights of particular litigants."); see also Ciongoli v. State, 337 So. 2d 780, 781-82 (Fla. 1976) (review discharged where "the conflicting language is mere obiter dicta").

Moreover, Hess does not expressly and directly conflict with Friona. As explained previously, Hess addressed the statute of limitations applicable to the enforcement of a foreign judgment after it is recorded under FEFJA, and the Second District held that Florida's twenty-year statute of limitations applied to a

---

3. See State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regulation, 276 So. 2d 823, 826 (Fla. 1973) ("The statement of the District Court of Appeal in its opinion . . . was not essential to the decision of that court and is without force as precedent."); Pell v. State, 122 So. 110, 112 (Fla. 1929) (explaining that "mere obiter dictum [is] without force as a precedent").

foreign judgment domesticated under FEFJA. <u>Hess</u>, 164 So. 3d at 22. In contrast, the Fourth District in <u>Friona</u> addressed the statute of limitations applicable for recording a foreign judgment under FEFJA and held that "[s]ince the time period to enforce the tax warrant under New York law had not expired, NYS should have been permitted to domesticate the judgment [under FEFJA] in this state." <u>Friona</u>, 902 So. 2d at 867. The rule of law announced in <u>Hess</u> addresses the limitations period for enforcing a foreign judgment domesticated under FEFJA, while the rule of law announced in <u>Friona</u> addresses the limitations period for domesticating a foreign judgment under FEFJA. There is no express and direct conflict with <u>Hess</u>.

In dicta, <u>Friona</u> commented that "[o]nce domesticated [under FEFJA], a foreign judgment will be effective for a period no longer than the original forum's statute of limitations or twenty years, whichever comes first." <u>Id.</u> at 866. However, such comments do not establish binding legal precedent and therefore do not create conflict.

This Court lacks jurisdiction under the Florida Constitution to review <u>Hess</u>. I therefore dissent.

POLSTON, J., concurs.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Second District - Case No. 2D13-3355

(Lee County)

- 13 -

Robert L. Donald of Law Office of Robert L. Donald, Fort Myers, Florida,

    for Petitioner

Elisa Stehl Worthington of Elisa S. Worthington, P.A., Pineland, Florida,

    for Respondents