CANADY, J.,
dissenting.
Because I conclude that the decision of the Second District in Hess v. Patrick, 164 So.3d 19 (Fla. 2d DCA 2015), does not expressly and directly conflict with the decision of the Fifth District in Haigh v. Planning Board, 940 So.2d 1230 (Fla. 5th DCA 2006), or the decision of the Fourth District in New York State Commissioner of Taxation & Finance v. Friona, 902 So.2d 864 (Fla. 4th DCA 2005), I would dismiss this case for lack of jurisdiction under *1045 article V, section 3(b)(3) of the Florida Constitution.
In Hess, the Second District addressed the statute of limitations applicable to the enforcement of a foreign judgment after it is recorded under FEFJA and held that “by domesticating the Arizona judgment under FEFJA, Florida’s twenty-year statute of limitations [contained in section 95.11(1) ] applie[d] and beg[an] to run from the date of the Arizona judgment.” Hess, 164 So.3d at 22 (emphasis omitted). In contrast, the Fifth District in Haigh addressed the statute of limitations applicable to a common law action upon a foreign judgment. Haigh held that the underlying suit was a common law “action upon a foreign judgment” rather than a proceeding to record and enforce a foreign judgment under FEFJA, and thus time-barred under section 95.11(2)(a). Haigh, 940 So.2d at 1234. The rule of law announced in Hess addresses the limitations period for enforcing a foreign judgment domesticated under FEFJA while the rule of law announced in Haigh addresses the limitations period for filing an action upon a foreign judgment. Haigh thus provides no basis for the Court to exercise conflict jurisdiction over Hess.
In dicta, Haigh commented that under FEFJA, “proceedings to enforce a foreign judgment are derivative of the original judgment and are therefore subject to the limitations period in the jurisdiction where the judgment was originally rendered.” Id. Such comments do not establish binding legal precedent[3] and therefore do not create conflict. See Ansin v. Thurston, 101 So.2d 808, 811 (Fla. 1958) (“A limitation of review to decisions in ‘direct conflict’ clearly evinces a concern with decisions as precedents as opposed to adjudications of the rights of particular litigants.”); see also Ciongoli v. State, 337 So.2d 780, 781-82 (Fla. 1976) (review discharged where “the conflicting language is mere obiter dicta”).
Moreover, Hess does not expressly and directly conflict with Friona. As explained previously, Hess addressed the statute of limitations applicable to the enforcement of a foreign judgment after it is recorded under FEFJA, and the Second District held that Florida’s twenty-year statute of limitations applied to a foreign judgment domesticated under FEFJA. Hess, 164 So.3d at 22. In contrast, the Fourth District in Friona addressed the statute of limitations applicable for recording a foreign judgment under FEFJA and held that “[sjince the time period to enforce the tax warrant under New York law had not expired, NYS should have been permitted to domesticate the judgment [under FEF-JA] in this state.” Friona, 902 So.2d at 867. The rule of law announced in Hess addresses the limitations period for enforcing a foreign judgment domesticated under FEFJA, while the rule of law announced in Friona addresses the limitations period for domesticating a foreign judgment under FEFJA. There is no express and direct conflict with Hess.
In dicta, Friona commented that “[o]nce domesticated [under FEFJA], a foreign judgment will be effective for a period no longer than the original forum’s statute of limitations or twenty years, whichever comes first.” Id. at 866. However, such comments do not establish binding legal precedent and therefore do not create conflict.
*1046 This Court lacks jurisdiction under the Florida Constitution to review Hess. I therefore dissent.
POLSTON, J., concurs.

. See State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regulation, 276 So.2d 823, 826 (Fla. 1973) (“The statement of the District Court of Appeal in its opinion ... was not essential to the decision of that court and is without force as precedent.”); Pell v. State, 97 Fla. 650, 122 So. 110, 112 (1929) (explaining that "mere obiter dictum [is] without force as a precedent”).