# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 6D2024-1853, 6D2024-2812
CONSOLIDATED
Lower Tribunal No. 2024-CA-000734

_____

HERMAN HARRIS TARNOW,

Appellant,

v.

RICHARD A. WATSON, as Personal Representative on behalf of the ESTATE OF THEODORA BENEDICT,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Joseph G. Foster, Judge.

June 19, 2026

GANNAM, J.

In these consolidated cases, Herman Tarnow appeals the trial court's dismissal of his action challenging the validity of a New York judgment. Richard Watson, as personal representative of the estate of the deceased judgment creditor, Theodora Benedict, domesticated the judgment by recording it in Collier County, Florida, under the Florida Enforcement of Foreign Judgments Act (FEFJA), §§ 55.501– 55.509, Fla. Stat. (2024). Because Tarnow was entitled to challenge the judgment

without satisfying the FEFJA conditions for staying enforcement of the judgment, we reverse.

I

A New York jury found Tarnow, a lawyer, liable for damages for the wrongful termination of Benedict, his former employee. Following Benedict's death, Watson, as personal representative of her estate, obtained a judgment on the verdict in the face amount of $352,817.97, comprising back pay, emotional distress damages, and pre-judgment interest.[1] Watson recorded the New York judgment in Collier County, Florida, where Tarnow resides.

Tarnow filed an action in Collier County challenging the validity of the judgment on several grounds, including extrinsic fraud. Tarnow described the relief he sought in various ways, seeking "to set aside the recording of the NY judgment . . . pursuant to [FEFJA]" and requesting "an immediate injunction or stay pursuant to Fla. Stat. §55.509(1), . . . a permanent injunction for stay of execution, and . . . dismiss[al of] the action brought by [Watson] to enforce the [judgment]."[2] Watson moved to dismiss Tarnow's complaint or, alternatively, to require Tarnow to post a

---

[1] The judgement was against Tarnow and his former New York and Florida law firms, jointly and severally, but the law firms are not involved in this appeal.

[2] By "action brought by [Watson] to enforce the [judgment]" Tarnow apparently meant Watson's domestication of the judgment by recording it under FEFJA. The record does not identify any separate enforcement action brought by Watson.

bond to maintain a stay of enforcement of the judgment. Watson argued that Tarnow failed to plead extrinsic fraud, that his other substantive challenges to the judgment were not cognizable, and that he failed to comply with the lis pendens and supersedeas bond requirements of FEFJA.

Following a hearing, the trial court granted Watson's motion to dismiss, without prejudice. The court concluded Tarnow "failed to comply with the clear and unambiguous requirements of § 55.509, Florida Statutes," and ordered Tarnow "to comply with §55.509, Florida Statutes, and file an Amended Complaint" within ten days, failing which Tarnow's "Complaint shall be deemed dismissed with prejudice." Tarnow moved for reconsideration of the dismissal order and, before the trial court addressed reconsideration, appealed the dismissal order to this Court (case no. 6D2024-1853). In the meantime, Watson moved for dismissal with prejudice because Tarnow had not filed an amended complaint or otherwise satisfied the requirements of the dismissal order. The trial court ultimately denied reconsideration of the dismissal order due to the pending appeal in this Court, but it entered an order dismissing Tarnow's action with prejudice for his failure to comply with the prior dismissal order. Tarnow appealed from the final order of dismissal with prejudice (case no. 6D2024-2812), and we granted his motion to consolidate the second appeal with the first.

## II

Though Tarnow raises several issues in these consolidated appeals, we address only one. He argues that he has a right to maintain his action challenging the validity of the New York judgment even if he does not satisfy the statutory conditions for staying enforcement of the judgment while he prosecutes the action, and thus it was error for the trial court to dismiss his complaint based solely on his failure to satisfy the statutory stay conditions.

We review de novo both a trial court's statutory interpretation and its dismissal of a complaint with prejudice. *See Joerger v. Lake Alfred Place, LLC*, 398 So. 3d 464, 465 (Fla. 6th DCA 2024) ("[W]e review de novo matters of statutory interpretation."); *Riggins v. Clifford R. Rhoades, P.A.*, 373 So. 3d 655, 659 (Fla. 6th DCA 2023) ("A final order dismissing a complaint with prejudice is reviewed *de novo*."). Where there is no authoritative decision from the Florida Supreme Court, we work from first principles. *See CED Cap. Holdings 2000 EB, LLC v. CTCW-Berkshire Club, LLC*, 363 So. 3d 192, 195 (Fla. 6th DCA 2023). We interpret Florida statutes according to the plain meaning of their text, following the supremacy-of-text principle, *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020), looking to "all the textual and structural clues that bear on the meaning of a disputed text," *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (cleaned up), and using the traditional interpretive canons for guidance where helpful, *id.*

"Florida enacted the Uniform Enforcement of Foreign Judgments Act, or Florida Enforcement of Foreign Judgments Act (FEFJA), in 1984." *Patrick v. Hess*, 212 So. 3d 1039, 1042 (Fla. 2017). "FEFJA was intended to provide an efficient method of enforcing foreign judgments without undue cost and difficulty associated with filing a new, separate action to domesticate a foreign judgement." *Id.* "A foreign judgment domesticated under FEFJA has the same effect as a Florida judgment and is subject to the same legal and equitable defenses and rules of procedure." *Id.* at 1043; *see also* § 55.503, Fla. Stat. (2024) ("A judgment so recorded shall have the same effect and shall be subject to the same rules of civil procedure, legal and equitable defenses, and proceedings for reopening, vacating, or staying judgments . . . as a judgment of a circuit or county court of this state."). "[The] statute contemplates that [the] judgment creditor would file the judgment in Florida, without the necessity of filing a lawsuit, and any litigation over the validity of the judgment would be initiated by [the] judgment debtor." *Cutler v. Harrison*, 792 So. 2d 574, 575 (Fla. 3d DCA 2001) (citation to § 55.503, Fla. Stat., omitted).

In an action by a judgment debtor challenging a foreign judgment that has been domesticated under FEFJA, the judgment debtor may obtain a stay of enforcement of the judgment by satisfying the conditions of section 55.509. Under this section, enforcement is initially stayed "[i]f, within 30 days after the date the foreign judgment is recorded, the judgment debtor files an action contesting the

jurisdiction of the court which entered the foreign judgment or the validity of the foreign judgment and records a lis pendens directed toward the foreign judgment." § 55.509(1), Fla. Stat. (2024). To maintain the stay, or to obtain a stay in the first instance apart from the lis pendens procedure, the judgment debtor must "show[] the circuit or county court any ground upon which enforcement of a judgment of any circuit or county court of this state would be stayed" and post, as determined by the court, "the same security for satisfaction of the judgment which is required in this state." § 55.509(2), Fla. Stat. (2024). But these section 55.509 conditions for obtaining or maintaining a stay of enforcement of the judgment are not conditions for commencing or maintaining an action challenging the judgment. Thus, a judgment debtor can file an action challenging a domesticated judgment more than thirty days after its recording and without seeking a stay of enforcement under section 55.509. *See, e.g.*, *Nichols v. Nichols*, 613 So. 2d 137, 139 (Fla. 4th DCA 1993) ("This does not mean, however, that a collateral attack must occur within thirty days or be forever barred."); *id.* at 140 ("The former husband's collateral attack on the judgment, begun as it was after the thirty (30) day automatic stay period, does not have the effect of staying enforcement of the judgment. . . . [T]he question of whether the former husband is required to post a bond . . . is not implicated unless and until he seeks and is granted a stay of the enforcement proceedings."). In short, a judgment debtor's commencement or maintenance of an action challenging a

domesticated judgment does not depend on the debtor's satisfying the stay conditions of section 55.509.

Here, Tarnow filed an action challenging the validity of the domesticated judgment, seeking to set aside its domestication and to immediately and permanently stay its enforcement. Although Tarnow did not satisfy the section 55.509 conditions for a stay, the trial court erred in dismissing Tarnow's complaint based on that failure alone and conditioning Tarnow's maintenance of his action on compliance with the stay conditions.[3]

IV

We reverse the orders dismissing Tarnow's complaint and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED with instructions.

WOZNIAK and SMITH, JJ., concur.


Herman Harris Tarnow, Naples, pro se.

Paul A. Humbert, of Law Offices of Paul A. Humbert, P.L., Miami, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[3] Because the trial court's dismissal orders only address the requirements of section 55.509, we do not address the substantive pleading sufficiency of Tarnow's extrinsic fraud or other challenges to the judgment's validity.

7